**LOUISIANA–PACIFIC CORPORATION and Satcom, Inc. d/b/a Cable Texas, Petitioners,**

v.

**Rachel KNIGHTEN, Respondent.**

**No. 97–0721.**

Supreme Court of Texas.

Aug. 25, 1998.

Jacqueline M. Stroh, Howard L. Close, Donean Surratt, Paul A. Scheurich, Beaumont, for Petitioners.

John Gerard Werner, Richard J. Clarkson, Cris E. Quinn, Beaumont, for Respondent.

PER CURIAM.

This case arises from a three party rear-end collision involving Rachel Knighten, a truck owned by Louisiana–Pacific Corporation (LPC) and a truck owned by Satcom, Inc. d/b/a Cable Texas (Cable Texas). When the collision occurred it was raining and the streets were wet. Knighten had to stop suddenly because the car in front of her stopped without warning. Next, the LPC truck ran into the back of Knighten. Then, the Cable Texas truck hit the LPC truck from behind and caused it to hit Knighten a second time. Knighten then sued LPC and Cable Texas for negligence.

protected proprietary interest in having his case heard by a *particular* judge.") (citations omitted).

Based upon a jury verdict that none of the drivers were negligent, the trial court rendered a take nothing judgment for the defendants. The court of appeals reversed and remanded. The court of appeals held that the trial court erred: (1) in refusing Knighten's request for a negligence per se instruction; (2) in refusing to allow Knighten a trial amendment to allege negligence per se; and (3) in submitting a jury instruction on sudden emergency. 946 S.W.2d 638. We conclude that the trial court's rulings were not erroneous and that the court of appeals erred in holding to the contrary. Accordingly, we reverse the court of appeals' judgment and render a take nothing judgment for LPC and Cable Texas.

■ LPC and Cable Texas argue that the court of appeals erred in holding Knighten was entitled to a negligence per se instruction based on section 61(a) of art. 6701d of the Texas Civil Statutes.[1] They argue that the court of appeals erroneously held that section 61(a) altered the duty the LPC driver owed to Knighten and required that the standard of care be one of due regard, a lesser standard than ordinary care. LPC and Cable Texas contend that the court of appeals' opinion directly conflicts with *Borden, Inc. v. Price,* 939 S.W.2d 247 (Tex.App.—Amarillo 1997, writ denied) and *Smith v. Central Freight Lines, Inc.,* 774 S.W.2d 411 (Tex. App.—Houston [14th Dist.] 1989, writ denied).

Article 6701d, § 61(a) provided:

The driver of a motor vehicle shall, when following another vehicle, maintain an assured clear distance between the two vehicles, exercising due regard for the speed of such vehicles, traffic upon and conditions of the street or highway, so that such motor vehicle can be safely brought to a stop without colliding with the preceding vehicle, or veering into other vehicles, objects or person on or near the street or highway.

Tex.Rev.Civ. Stat. art. 6701d, § 61(a).

The court of appeals held that the statute's requirement that the driver exercise "due

regard" imposed a different standard of care than that of the reasonable person. Thus, the court of appeals concluded that the trial court should have submitted Knighten's requested instruction.

In defining "due regard," the court of appeals relied on *City of El Paso v. Kolster,* 931 S.W.2d 365, 369 (Tex.App.—El Paso 1996), *rev'd on other grounds* 972 S.W.2d 58 (Tex. 1998). However, the court of appeals misapplied *Kolster. Kolster* turned on the construction of a different statute, art. 6701d § 24(e) of the Texas Civil Statutes, that included both "due regard" and "recklessness" language. Furthermore, as we recently held in *City of Amarillo v. Martin* 971 S.W.2d 426 (Tex.1998), article 6701d, section 24 imposes liability only for reckless conduct.

In any event, in addition to requiring a driver to exercise due regard, section 61(a) requires the driver to *safely* bring the vehicle to a stop. Texas courts have previously held that a statute that requires a driver proceed *safely* imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction. *See Price,* 939 S.W.2d at 250–51; *Smith,* 774 S.W.2d at 415. Therefore, the court of appeals erred in holding that this case required a negligence per se instruction.

LPC and Cable Texas argue the court of appeals erred in holding that Knighten was entitled to a trial amendment to allege negligence per se. However, we have already held that Knighten was not entitled to a negligence per se jury instruction. Accordingly, if the trial court's refusal to permit Knighten's amendment was error, it was not reversible because it did not cause rendition of an improper judgment in this case. *See* Tex.R.App. P. 61.1(a).

■ LPC also argues that the court of appeals erred when it held that the trial court improperly submitted the sudden emergency instruction as applied to its driver. LPC asserts that the trial court acted properly because evidence supported a sud-

---

**1.** The Legislature repealed this section. The current version is found at Tex. Transp. Code § 545.062(a). Unless otherwise indicated, "sec-

tion 61(a)" as used in this opinion, refers to the former statute.

den emergency instruction for both it and Cable Texas. Moreover, LPC contends that the court of appeals applied the wrong standard of review. Error in the jury charge is reversible only if it is reasonably calculated to and probably did cause rendition of an improper judgment. TEX.R.APP. P. 61.1(a); *Plainsman Trading Co. v. Crews*, 898 S.W.2d 786, 790 (Tex.1995). Here, the court of appeals held that the jury *may* have reached a different verdict. LPC contends that this is the wrong standard and the wrong conclusion. LPC asserts that there is no evidence that shows that but for the sudden emergency instruction the jury's decision would have been different.

 The trial court has great latitude and considerable discretion to determine necessary and proper jury instructions. See Tex.R. Civ. P. 277; *Weitzul Const. Inc. v. Outdoor Environs*, 849 S.W.2d 359, 365 (Tex. App.—Dallas 1993, writ denied). If an instruction might aid the jury in answering the issues presented to them, or if there is any support in the evidence for an instruction, the instruction is proper. See *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex.1995); *Francis v. Cogdell*, 803 S.W.2d 868, 871 (Tex. App.—Houston [1st Dist.] 1991, no writ).

In *Francis*, the evidence supported a sudden emergency instruction. The accident occurred during a morning rush hour when it had been raining and the roads were slick. The defendant testified that the plaintiff slammed on her brakes at a yellow light, causing the defendant to run into the plaintiff. See *Francis*, 803 S.W.2d at 871. Here, the evidence is similar. It was raining and the streets were wet. Like the *Francis* plaintiff, Knighten abruptly applied her brakes after which the LPC truck ran into her from behind. We conclude that submitting the sudden emergency instruction did not cause the rendition of an improper judgment. See Tex.R.App. P. 61.1(a). Thus, we hold the trial court did not abuse its discretion in submitting the sudden emergency instruction. *Weitzul*, 849 S.W.2d at 365.

Accordingly, without hearing oral argument, the Court grants the petitions, reverses the court of appeals' judgment and renders judgment for Louisiana–Pacific Corporation and Satcom, Inc., d/b/a Cable Texas. *See* TEX.R.APP. P. 59.1.