NUMBER 13-00-251-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________

NANCY GONZALEZ, INDIVIDUALLY AND AS NEXT FRIEND OF ANAHI GONZALEZ, A MINOR , Appellant,


v.

REFUGIA ACOSTA , Appellee.

___________________________________________________________________


On appeal from the 332nd District Court

of Hidalgo County, Texas.

__________________________________________________________________


O P I N I O N

Before Chief Justice Valdez and Justices Dorsey and Rodriguez

Opinion by Justice Rodriguez


This is a negligence case based upon a vehicular accident resulting in an injury to a child. Appellant, Nancy Gonzalez,
individually and as next friend of Anahi Gonzalez, a minor, appeals from a jury finding of no liability. By three points of
error, Gonzalez contends the jury finding of no liability with regard to negligence and negligence per se was against the
weight of the evidence, and that the trial court erred in admitting evidence of parental contributory negligence. We affirm.

In May 1998, Refugia Acosta, appellee, visited the Gonzalez's home to pick up her grandchild. While backing out of
Gonzalez's driveway, Acosta struck Anahi Gonzalez, a minor, with her vehicle. Acosta and another witness testified that
Acosta was backing out of the driveway slowly and with caution, that Acosta had seen Anahi waving through a window in
Gonzalez's home, and that Acosta did not see Anahi in the driveway until after the impact. Gonzalez was inside her home
at the time of the accident.

Gonzalez sued Acosta for negligence, and Acosta filed a counter-claim for contribution. Acosta brought in Eduardo
Romero, Anahi's stepfather, as a third-party defendant. At trial, the jury was instructed as to the meaning of ordinary
negligence and was given two negligence per se charges based on statutes from the Texas Transportation Code. The jury
answered that neither the defendant's, the third-party defendant's, nor the plaintiff's negligence caused the injury to Anahi. 
Because of this initial finding, the jury did not answer remaining questions regarding proportionate responsibility or
damages.

By her first issue, Gonzalez contends the jury's determination of no liability is against the great weight and preponderance
of the evidence. In particular, Gonzalez complains the jury erred in finding that Gonzalez's actions did not constitute
negligence per se. (1) This Court will reverse a jury finding only if that finding was against the great weight and
preponderance of the evidence so as to be manifestly unjust and clearly wrong. Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986) (per curium); Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co., 766 S.W.2d 264, 276 (Tex. App.-Corpus Christi
1988, writ denied). When reviewing the record under such a standard, this Court will examine the entire record and
consider all the evidence to see if there is sufficient evidence to support the jury's answer. See Lofton v. Texas Brine Corp.,
720 S.W.2d 804, 805 (Tex. 1986);Brown v. Hopkins, 921 S.W.2d 306, 312 (Tex. App.-Corpus Christi 1996, no writ). 

In this case, the negative finding on the issue of causation, an essential element of a negligence cause of action, is not
against the great weight and preponderance of the evidence. To complete a cause of action in negligence, a plaintiff must
establish that the defendant's negligent conduct proximately caused his injuries. El Chico Corp. v. Poole, 732 S.W.2d 306,
313 (Tex. 1987). The two elements of proximate cause are cause-in-fact and foreseeability. Nixon v. Mr. Property
Management Co., 690 S.W.2d 546, 549 (Tex. 1985). To establish foreseeability, the plaintiff must show that the defendant
should have anticipated the dangers that its negligent act or omission created for others. Travis v. City of Mesquite, 830
S.W.2d 94, 98 (Tex. 1992). 

Here, there is evidence from both Acosta and her passenger that Acosta proceeded slowly and with caution from Gonzalez's
driveway. There were no obstructions blocking Acosta's view. Acosta observed Anahi waving from a window inside
Gonzalez's home; she did not see Anahi in the driveway until after the impact. From this evidence, the jury could have
reasonably concluded that Acosta should not have anticipated striking Anahi with her automobile. Because the jury finding
on proximate cause was not against the great weight and preponderance of the evidence, Gonzalez's factual sufficiency
challenge fails. (2) The first and second issues are overruled. 

In her third issue, Gonzalez maintains the trial court erred in admitting evidence of parental contributory negligence. 
Gonzalez claims that any such evidence is barred by the doctrine of parental immunity, and is irrelevant, prejudicial, and
confusing to the jury. We conclude any error was harmless. 

For an error to cause reversal, the error complained of must have probably caused the rendition of an improper judgment. 
See McCraw, 828 S.W.2d at 757; Cecil, 893 S.W.2d at 45; see also Tex. R. App. P. 44.1. In the present case, the jury
found that neither Gonzalez nor Eduardo Romero were negligent. Thus, the jury disregarded the evidence relating to
parental contributory negligence. The trial court's error, therefore, was not the probable cause of the rendition of an
improper judgment. Gonzalez's third issue is overruled. 

The judgment of the trial court is AFFIRMED.



NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 16th day of August, 2001.

1. Acosta also argues that Gonzalez was not entitled to negligence per se jury instructions because the statutes used to
model the jury charge are not of the type to support negligence as a matter of law. See Louisiana-Pacific Corp. v.
Knighten, 976 S.W.2d 674, 675 (Tex. 1998); Ordonez v. M.W. McMurdy & Co., 984 S.W.2d 264, 268 (Tex. App.-Houston
[1st Dist.] 1998, no pet.). Though Acosta did object to the negligenceper se instruction, he did not present this specific
complaint to the trial court. Instead, Acosta's complaint was that the instruction constituted an unfair comment on the
weight of the evidence and that it suggested that just because the accident happened, there was necessarily negligence. 
Thus, Acosta's complaint is waived. See Tex. R. App. P. 33.1; Keech v. Kroger Co., 845 S.W.2d 262, 267 (Tex. 1992).

2. Gonzalez also urges that the jury finding that Acosta was not negligent was against the great weight and preponderance
of the evidence because Anahi was owed a heightened standard of care as a child. Again, we have upheld the jury's
negative finding on causation; thus, whether Gonzalez established breach of a duty is immaterial. Moreover, Gonzalez did
not properly object to the introduction of "ordinary care" instructions in the jury charge and made no reference to a higher
standard of care. Thus, any complaint as to standard of care instructions was waived. Tex. R. App. P. 33.1(a)(1)(A);
Keech, 845 S.W.2d at 267.