NO. 12-08-00411-CV
IN THE COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS

| | | |
|---|---|---|
| *TODD BAKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JOHN JOSEPH MAST,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Todd Baker appeals the trial court's judgment in a lawsuit brought by him against John Joseph Mast. In two issues, Baker asserts that the trial court reversibly erred by charging the jury with a sudden emergency instruction and an unavoidable accident instruction. We affirm.

## BACKGROUND

Baker filed a lawsuit against Mast for injuries he sustained during a hunting trip. Baker alleged that, during this trip, Mast acted negligently by backing a vehicle into him, resulting in his injury. The parties tried their case before a jury. The jury found that "the occurrence in question" was not proximately caused by "the negligence, if any," of Mast. The trial court subsequently entered a take nothing judgment. This appeal followed.

## SUDDEN EMERGENCY

In his first issue, Baker asserts that the trial court "erred in submitting the sudden emergency instruction under the circumstances, which constituted harmful error." Baker does not contend that the language of the instruction was improper. Instead, he asserts that the evidence before the trial court did not warrant a sudden emergency instruction.

### Standard of Review

A trial court's decision to include an instruction in its charge is reviewed under an abuse of discretion standard of review. *See **In re V.L.K.***, 24 S.W.3d 338, 341 (Tex. 2000). A trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. ***K-Mart Corp. v. Honeycutt***, 24 S.W.3d 357, 360 (Tex.

2000).  The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).  However, a trial court has no discretion in determining what the law is or applying the law to the facts.  *Spitzer v. Berry*, 247 S.W.3d 747, 750 (Tex. App.–Tyler 2008, pet. denied).  A trial court has "great latitude and considerable discretion" to determine necessary and proper jury instructions.  *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998).  "If an instruction might aid the jury in answering the issues presented to them, or if there is any support in the evidence for an instruction, the instruction is proper."  *Id.*

A sudden emergency instruction is an inferential rebuttal instruction.  *Dillard v. Tex. Elec. Coop.*, 157 S.W.3d 429, 432-34 (Tex. 2005).  An inferential rebuttal defense operates to rebut an essential element of the plaintiff's case by proof of other facts.  *Id.* at 430.  An inferential rebuttal instruction serves to inform the jury about such a defense.  *See id.*  The purpose of a sudden emergency inferential rebuttal instruction is to advise the jurors, in the appropriate case, that they do not have to place blame on a party to the suit if the evidence shows that conditions beyond the party's control caused the accident in question or that the conduct of some person not a party to the litigation caused it.  *Id.* at 432.

To warrant the submission of an instruction on sudden emergency, there must be evidence that (1) an emergency situation arose suddenly and unexpectedly, (2) the emergency situation was not caused by the defendant's negligence, (3) the emergency situation reasonably required immediate action without time for deliberation, and (4) after the emergency situation arose, the defendant acted as a person of ordinary prudence would have acted.  *Thomas v. Oldham*, 895 S.W.2d 352, 360 (Tex. 1995); *see Dillard*, 157 S.W.3d at 432 n.4.

**Discussion**

Mast testified at trial about the alleged sudden emergency in the case.  According to Mast, he did not believe the accident was "anybody's fault" and he did not "accept responsibility" for Baker's injuries.  He testified that, shortly before the accident, he entered into an unexpected diabetic episode.  He blamed this episode for his driving into his friend and testified that he was in a partially unconscious state during the accident.[1]

Mast stated this episode was the result of his failure to immediately eat breakfast that morning, allowing his blood sugar level to reach a dangerous low.  However, according to Mast, such a failure had not previously caused blood sugar problems and it was his practice to eat a late breakfast.  Further, he had not been advised by his doctor that an immediate breakfast was

---

[1] Specifically, Mast testified that he "was like a mummy behind a steering wheel."

2

required. This was because Mast's previous blood sugar problems had been related to high blood sugar levels, not low levels.[2]

Mast admitted suffering from feelings of weakness as his blood sugar decreased and that such feelings would alert him to consume food to counteract the decrease. However, he reported that this must not have occurred on the day in question because he would have done something about it if it had. He testified that he had no memory of any feelings of weakness on the morning in question. He also testified that his doctor had never restricted him from driving.

A fellow hunter and witness to the accident, Randall Henry, also testified. His testimony corroborated Mast's and was evidence that, at the time of the accident, Mast was in a less than fully conscious state. According to Henry, Mast was suffering from some form of reduced consciousness during the drive leading up to the accident, the accident itself, the subsequent trip to the hospital, and some period at the hospital.[3]

We hold that the evidence before the trial court provided support for the proposition that Mast suffered from an unexpected episode of unconsciousness while driving. This episode began shortly after the hunting party left Mast's home. The episode was of a sufficiently unexpected and sudden onset that Mast was unable to anticipate it and act to counter it. Because of this, Mast was not negligent in failing to prevent it. This episode did not afford Mast an opportunity to engage in deliberation because he was partially unconscious and unable to deliberate. And, because he was driving, it could be concluded that immediate action was required. Further, it could also be concluded that Mast acted with ordinary prudence because his unconscious state could have rendered him unable to act with any normal level of driving prudence. Based upon the evidence before the trial court, we hold that the trial court did not abuse its discretion by including a sudden emergency instruction in the jury charge.[4] *See* ***Thomas***, 895 S.W.2d at 360; *see also* ***Dillard***, 157 S.W.3d at 432 n.4. We overrule Baker's first issue.

## UNAVOIDABLE ACCIDENT

In his second issue, Baker claims that the trial court "erred in instructing the jury with regard to unavoidable accident, which constituted harmful error." Again, Baker does not

---

[2] Mast admitted to having had one other serious diabetic episode. However, that episode occurred in the evening and was unrelated to his eating habits.

[3] Baker also testified. He testified that Mast appeared "out of it" after the accident.

[4] We note that some of the testimony in question was challenged by Baker. However, "if there is any support in the evidence for an instruction, the instruction is proper." ***La.-Pac. Corp.***, 976 S.W.2d at 676.

contend that the language of the instruction was improper. Instead, he asserts that the evidence before the trial court did not warrant an unavoidable accident instruction.

**Standard of Review**

As stated above, a trial court's decision to include an instruction in its charge is reviewed under an abuse of discretion standard of review. *See V.L.K.*, 24 S.W.3d at 341. A trial court has "great latitude and considerable discretion" to determine necessary and proper jury instructions. *La.-Pac. Corp.*, 976 S.W.2d at 676. "If an instruction might aid the jury in answering the issues presented to them, or if there is any support in the evidence for an instruction, the instruction is proper." *Id.*

Like sudden emergency instructions, an unavoidable accident instruction is an inferential rebuttal instruction. *Dillard*, 157 S.W.3d at 432-34. To warrant the submission of an unavoidable accident instruction, there must be evidence that the accident in question was not proximately caused by the negligence of any party to it. *See Yarborough v. Berner*, 467 S.W.2d 188, 190-91 (Tex. 1971); *see also Dillard*, 157 S.W.3d at 432 n.2. Although this instruction has often been understood to be improper absent causation by a nonhuman condition, *see, e.g., Hill v. Winn Dixie Tex., Inc.*, 849 S.W.2d 802, 803 (Tex. 1992), "the instruction's language is not so limiting." *Dillard*, 157 S.W.3d at 433. Instead, "[t]he instruction merely informs the jury that it may consider causes of the occurrence other than the negligence of the parties." *Id.*

**Discussion**

Based upon the evidence outlined in our discussion of Baker's first issue, we conclude that an unavoidable accident instruction was applicable to the case. In short, the evidence supported Mast's position that the accident in question was not proximately caused by the negligence of any party to it. *See Yarborough*, 467 S.W.2d at 190-91; *see also Dillard*, 157 S.W.3d at 432 n.2. However, because the trial court also issued a sudden emergency instruction, we must consider whether the inclusion of two inferential rebuttal instructions constituted an abuse of discretion. *See Dillard*, 157 S.W.3d at 432-34. This is because multiple inferential rebuttal instructions have "the potential to skew the jury's analysis." *Id.* at 433.

We have already determined that the trial court did not abuse its discretion by including a sudden emergency instruction in the jury charge. The unavoidable accident doctrine logically subsumes the narrower doctrine of sudden emergency. *See Reinhart v. Young*, 906 S.W.2d 471, 474 (Tex. 1995) (plurality op.). "It is difficult to attribute an improper verdict, if any, to the unavoidable accident instruction when the charge also included . . . this instruction regarding sudden emergency." *See id.* In light of the evidence before the trial court, and the inclusion of

4

an instruction regarding sudden emergency, an unavoidable accident instruction was unlikely to confuse or mislead the jury. *See id.* Therefore, we hold that the trial court did not abuse its discretion by including the instruction. *Cf. id.* (holding inclusion harmless). We overrule Baker's second issue.

## DISPOSITION

We *affirm* the judgment of the trial court.

**SAM GRIFFITH**
Justice

Opinion delivered April 7, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)