NO. 12-08-00411-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

TODD BAKER,                                              
§                    APPEAL FROM THE 3RD

APPELLANT

 

V.                                                                    
§                     JUDICIAL DISTRICT COURT 

 

JOHN JOSEPH MAST,

APPELLEE                                                   §                      HOUSTON
COUNTY, TEXAS







            MEMORANDUM
OPINION

            Todd
Baker appeals the trial court’s judgment in a lawsuit brought by him against
John Joseph Mast.  In two issues, Baker asserts that the trial court reversibly
erred by charging the jury with a sudden emergency instruction and an
unavoidable accident instruction.  We affirm.

 

Background

            Baker
filed a lawsuit against Mast for injuries he sustained during a hunting trip. 
Baker alleged that, during this trip, Mast acted negligently by backing a
vehicle into him, resulting in his injury.  The parties tried their case before
a jury.  The jury found that “the occurrence in question” was not proximately
caused by “the negligence, if any,” of Mast.  The trial court subsequently
entered a take nothing judgment.  This appeal followed.

 

Sudden Emergency

            In
his first issue, Baker asserts that the trial court “erred in submitting the
sudden emergency instruction under the circumstances, which constituted harmful
error.”  Baker does not contend that the language of the instruction was improper. 
Instead, he asserts that the evidence before the trial court did not warrant a
sudden emergency instruction.

 

Standard
of Review

            A
trial court’s decision to include an instruction in its charge is reviewed
under an abuse of discretion standard of review.  See In re V.L.K.,
24 S.W.3d 338, 341 (Tex. 2000).  A trial court abuses its discretion when its
decision is arbitrary, unreasonable, or without reference to any guiding rules
or legal principles. K-Mart Corp. v. Honeycutt, 24 S.W.3d 357,
360 (Tex. 2000).  The mere fact that a trial judge may decide a matter within
his discretionary authority in a different manner than an appellate judge in a
similar circumstance does not demonstrate that an abuse of discretion has
occurred.  Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238,
242 (Tex. 1985).  However, a trial court has no discretion in determining what
the law is or applying the law to the facts.  Spitzer v. Berry,
247 S.W.3d 747, 750 (Tex. App.–Tyler 2008, pet. denied).  A trial court has “great
latitude and considerable discretion” to determine necessary and proper jury
instructions.  La.-Pac. Corp. v. Knighten, 976 S.W.2d 674, 676
(Tex. 1998).  “If an instruction might aid the jury in answering the issues
presented to them, or if there is any support in the evidence for an
instruction, the instruction is proper.”  Id.

            A
sudden emergency instruction is an inferential rebuttal instruction.  Dillard
v. Tex. Elec. Coop., 157 S.W.3d 429, 432-34 (Tex. 2005).  An
inferential rebuttal defense operates to rebut an essential element of the
plaintiff’s case by proof of other facts.  Id. at 430.  An
inferential rebuttal instruction serves to inform the jury about such a
defense.  See id.  The purpose of a sudden emergency inferential
rebuttal instruction is to advise the jurors, in the appropriate case, that
they do not have to place blame on a party to the suit if the evidence shows
that conditions beyond the party’s control caused the accident in question or
that the conduct of some person not a party to the litigation caused it.  Id.
at 432.  

            To
warrant the submission of an instruction on sudden emergency, there must be
evidence that (1) an emergency situation arose suddenly and unexpectedly, (2)
the emergency situation was not caused by the defendant’s negligence, (3) the
emergency situation reasonably required immediate action without time for
deliberation, and (4) after the emergency situation arose, the defendant acted
as a person of ordinary prudence would have acted.  Thomas v. Oldham,
895 S.W.2d 352, 360 (Tex. 1995); see Dillard, 157 S.W.3d at 432
n.4.  

Discussion

            Mast
testified at trial about the alleged sudden emergency in the case.  According
to Mast, he did not believe the accident was “anybody’s fault” and he did not
“accept responsibility” for Baker’s injuries.  He testified that, shortly
before the accident, he entered into an unexpected diabetic episode.  He blamed
this episode for his driving into his friend and testified that he was in a
partially unconscious state during the accident.[1]

            Mast
stated this episode was the result of his failure to immediately eat breakfast
that morning, allowing his blood sugar level to reach a dangerous low. 
However, according to Mast, such a failure had not previously caused blood
sugar problems and it was his practice to eat a late breakfast.  Further, he
had not been advised by his doctor that an immediate breakfast was required. 
This was because Mast’s previous blood sugar problems had been related to high
blood sugar levels, not low levels.[2] 


            Mast
admitted suffering from feelings of weakness as his blood sugar decreased and
that such feelings would alert him to consume food to counteract the decrease. 
However, he reported that this must not have occurred on the day in question
because he would have done something about it if it had.  He testified that he
had no memory of any feelings of weakness on the morning in question.  He also
testified that his doctor had never restricted him from driving.

            A
fellow hunter and witness to the accident, Randall Henry, also testified.  His
testimony corroborated Mast’s and was evidence that, at the time of the
accident, Mast was in a less than fully conscious state.  According to Henry,
Mast was suffering from some form of reduced consciousness during the drive
leading up to the accident, the accident itself, the subsequent trip to the
hospital, and some period at the hospital.[3]

            We
hold that the evidence before the trial court provided support for the
proposition that Mast suffered from an unexpected episode of unconsciousness
while driving.  This episode began shortly after the hunting party left Mast’s
home.  The episode was of a sufficiently unexpected and sudden onset that Mast
was unable to anticipate it and act to counter it.  Because of this, Mast was
not negligent in failing to prevent it.  This episode did not afford Mast an
opportunity to engage in deliberation because he was partially unconscious and
unable to deliberate.  And, because he was driving, it could be concluded that
immediate action was required.  Further, it could also be concluded that Mast
acted with ordinary prudence because his unconscious state could have rendered
him unable to act with any normal level of driving prudence.  Based upon the
evidence before the trial court, we hold that the trial court did not abuse its
discretion by including a sudden emergency instruction in the jury charge.[4] 
See Thomas, 895 S.W.2d at 360; see also Dillard,
157 S.W.3d at 432 n.4.  We overrule Baker’s first issue.

 

Unavoidable Accident

            In
his second issue, Baker claims that the trial court “erred in instructing the
jury with regard to unavoidable accident, which constituted harmful error.” 
Again, Baker does not contend that the language of the instruction was
improper.  Instead, he asserts that the evidence before the trial court did not
warrant an unavoidable accident instruction.

Standard
of Review

            As
stated above, a trial court’s decision to include an instruction in its charge
is reviewed under an abuse of discretion standard of review.  See V.L.K.,
24 S.W.3d at 341.  A trial court has “great latitude and considerable
discretion” to determine necessary and proper jury instructions. La.-Pac.
Corp., 976 S.W.2d at 676.  “If an instruction might aid the jury in
answering the issues presented to them, or if there is any support in the
evidence for an instruction, the instruction is proper.”  Id.

            Like
sudden emergency instructions, an unavoidable accident instruction is an
inferential rebuttal instruction.  Dillard, 157 S.W.3d at
432-34.  To warrant the submission of an unavoidable accident instruction,
there must be evidence that the accident in question was not proximately caused
by the negligence of any party to it.  See Yarborough v. Berner, 467
S.W.2d 188, 190-91 (Tex. 1971); see also Dillard, 157 S.W.3d at
432 n.2.  Although this instruction has often been understood to be improper
absent causation by a nonhuman condition, see, e.g., Hill v. Winn Dixie
Tex., Inc., 849 S.W.2d 802, 803 (Tex. 1992), “the instruction’s
language is not so limiting.”  Dillard, 157 S.W.3d at 433. 
Instead, “[t]he instruction merely informs the jury that it may consider causes
of the occurrence other than the negligence of the parties.”  Id.

 

 

Discussion

            Based
upon the evidence outlined in our discussion of Baker’s first issue, we
conclude that an unavoidable accident instruction was applicable to the case. 
In short, the evidence supported Mast’s position that the accident in question
was not proximately caused by the negligence of any party to it.  See Yarborough,
467 S.W.2d at 190-91; see also Dillard, 157 S.W.3d at 432 n.2. 
However, because the trial court also issued a sudden emergency instruction, we
must consider whether the inclusion of two inferential rebuttal instructions
constituted an abuse of discretion.  See Dillard, 157 S.W.3d at
432-34.  This is because multiple inferential rebuttal instructions have “the
potential to skew the jury’s analysis.”  Id. at 433.

            We
have already determined that the trial court did not abuse its discretion by
including a sudden emergency instruction in the jury charge.  The unavoidable
accident doctrine logically subsumes the narrower doctrine of sudden emergency. 
See Reinhart v. Young, 906 S.W.2d 471, 474 (Tex. 1995) (plurality
op.).  “It is difficult to attribute an improper verdict, if any, to the
unavoidable accident instruction when the charge also included . . . this
instruction regarding sudden emergency.”  See id.  In light of
the evidence before the trial court, and the inclusion of an instruction
regarding sudden emergency, an unavoidable accident instruction was unlikely to
confuse or mislead the jury.  See id.  Therefore, we hold that
the trial court did not abuse its discretion by including the instruction.  Cf.
id. (holding inclusion harmless).  We overrule Baker’s second issue.

 

Disposition

            We affirm
the judgment of the trial court.

                                                                                                Sam Griffith

                                                                                                         
Justice

 

 

Opinion delivered April 7, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

(PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












                [1]
Specifically, Mast testified that he “was like a mummy behind a steering
wheel.”

 





                [2]
Mast admitted to having had one other serious diabetic episode.  However, that
episode occurred in the evening and was unrelated to his eating habits.

 





                [3]
Baker also testified.  He testified that Mast appeared “out of it” after the
accident.

 





                [4]
We note that some of the testimony in question was challenged by Baker. 
However, “if there is any support in the evidence for an instruction, the
instruction is proper.”  La.-Pac. Corp., 976 S.W.2d at 676.