

# NUMBER 13-11-00752-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

VALLEY GRANDE MANOR, IN ITS
ASSSUMED OR COMMON NAME;
VALLEY GRANDE MANOR, INC. IN
ITS ASSUMED OR COMMON NAME;
VALLEY GRANDE MANOR, INC.;
VALLEY GRANDE MANOR, INC.
D/B/A VALLEY GRANDE MANOR,                    Appellants,

v.

RITA PAREDES, AS REPRESENTATIVE
AND ADMINISTRATOR OF THE ESTATE
OF SANTOS RAMON MEDINA, DECEASED,          Appellee.

---

On appeal from the 107th District Court
of Cameron County, Texas.

---

# MEMORANDUM OPINION

Before Justices Rodriguez, Benavides and Longoria
Memorandum Opinion by Justice Benavides

This appeal arises out of a civil suit for damages. By two issues, appellants, Valley Grande Manor, Inc., et al.[1] (to whom we will collectively "Valley Grande Manor") contend that the trial court abused its discretion by (1) failing to apply the proper settlement credit to its judgment and (2) failing to submit a question of liability regarding a settling defendant. We affirm.

## I. BACKGROUND

In July 2008, appellee Rita Paredes, as a representative and administrator of the estate of Santos Ramon Medina (the decedent), filed suit against Valley Grande Manor, a licensed nursing home facility in Brownsville, Texas, and other defendants for negligence and negligence per se related to the decedent's stay at Valley Grande Manor from August 22, 2005 to November 14, 2006. In her petition, Paredes alleged that Valley Grande Manor "engaged in a pattern and practice of ongoing neglect," which resulted in the decedent's bodily injuries and eventual death.

Paredes later amended her petition to include other defendants, namely Brownsville Nursing and Rehabilitation Center ("BNR"), a nursing home where the decedent resided from November 14, 2006 until December 31, 2006, and Allied Dietary Consultants, Inc. ("ADC"), the decedent's care provider during his stays at Valley Grande Manor and BNR. BNR and ADC reached a pre-trial settlement with Paredes for $125,000 and $10,000, respectively.

---

[1] Appellants' are fully listed as: Valley Grande Manor, in its assumed or common name, Valley Grande Manor, Inc., in its assumed or common name, Valley Grande Manor, Inc.; Valley Grande Manor, Inc. D/B/A Valley Grande Manor. For the sake of clarity, we will refer to the appellants collectively as "Valley Grande Manor."

On September 26, 2011, a jury trial proceeded on the merits against Valley Grande Manor as the sole remaining defendant. At the close of evidence, the trial court charged the jury with a question of liability only as to Valley Grande Manor. The jury returned a verdict finding Valley Grande Manor negligent and awarding $275,000 to Paredes for the decedent's damages.

The trial court later reduced the award to $250,000 under the statutory limitation on non-economic damages for medical liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.301 (West 2011). The trial court also applied ADC's $10,000 pre-trial settlement credit to further reduce Paredes's recovery against Valley Grande Manor to $240,000. This appeal followed.

## II.    SETTLEMENT CREDIT

By its first issue, Valley Grande Manor asserts that the trial court abused its discretion by failing to credit Paredes's $125,000 settlement with BNR to its final judgment.

## A.    Standard of Review and Applicable Law

We review a trial court's determination of the existence of, the amount of, or its decision to apply a settlement credit for an abuse of discretion. *See Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc.,* 176 S.W.3d 307, 326 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Tex. Capital Sec. Inc. v. Sandefer,* 108 S.W.3d 923, 925 (Tex. App.—Texarkana 2003, pet. denied). A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Ops., Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

Chapter 33 of the civil practice and remedies code along with Texas common law controls our analysis. Under section 33.012, if a plaintiff has "settled with one or more persons, the court shall further reduce the amount of damages to be recovered by the [plaintiff] with respect to a cause of action by the sum of the dollar amounts of all settlements." TEX. CIV. PRAC. & REM. CODE ANN. § 33.012(b) (West 2008). In healthcare liability claims, like those asserted in the present case, the court shall further reduce the amount of damages to be recovered by the claimant with respect to a cause of action by an amount equal to one of the following, as elected by the defendant: (1) the sum of the dollar amounts of all settlements; or (2) a percentage equal to each settling person's percentage of responsibility as found by the trier of fact. *Id.* § 33.012(c). A defendant must file a written election before the issues of the action are submitted to the trier of fact and when made, shall be binding on all defendants. *Id.* § 33.012(d). If no defendant makes this election or if conflicting elections are made, all defendants are considered to have elected the sum of the dollar amounts of all settlements. *Id.*

A defendant seeking a settlement credit has the burden of proving its right to such a credit. *Utts v. Short*, 81 S.W.3d 822, 828 (Tex. 2002); *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 927 (Tex. 1998). This burden includes proving the settlement amount by placing the settlement agreement or some evidence of the settlement amount in the record. *Ellender*, 968 S.W.2d at 927. Once the defendant demonstrates its right to a settlement credit, the burden shifts to the plaintiff to show that certain amounts should not be credited because of the settlement agreement's allocation. *Utts*, 81 S.W.3d at 828. Plaintiffs can meet this burden by offering into

4

evidence a written settlement agreement specifically allocating damages to each cause of action. *Ellender*, 968 S.W.2d at 928; *see Utts*, 81 S.W.3d at 829 (". . . [T]he trial court shall presume the settlement credit applies unless the nonsettling plaintiff presents evidence to overcome this presumption.").

**B.    Discussion**

Here, the record shows that Valley Grande Manor made a written election under section 33.012(c)(1) requesting the trial court to grant it a dollar-for-dollar credit on all amounts paid in settlements to Paredes. Under the trial court's order, Paredes's counsel disclosed the settlement amounts on the record of $125,000 and $10,000 with BNR and ADC, respectively. Accordingly, we conclude that Valley Grande Manor met its initial burden of establishing its right to a settlement credit by placing the settlement amounts on the record.

The burden then shifted to Paredes to establish which amounts, if any, should not be credited. At the trial court's hearing on Paredes's motion for entry of judgment, Paredes stipulated that the $10,000 settlement credit should be applied to the statutorily-reduced verdict of $250,000 because ADC "worked at [Valley Grande Manor]." However, Paredes opposed any credit as to BNR's $125,000 settlement because the case that was tried related to a separate cause of action against Valley Grande Manor, with different claims, damages, and injuries.

Valley Grande Manor argues that Paredes sought damages in its live petition for an "indivisible injury," as a result of Valley Grande Manor and BNR's conduct. As a result, Valley Grande Manor further contends that by not crediting BNR's settlement to

the judgment, Paredes's recovery would violate the one satisfaction rule. *See Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 390–91 (Tex. 2000) ("Under the one satisfaction rule, a plaintiff is entitled to only one recovery for any damages suffered. . . . This rule applies when multiple defendants commit the same act as well as when defendants commit technically different acts that result in a single injury.").

On appeal, Paredes argues that the evidence presented at trial and the damages sought from the jury related solely to Valley Grande Manor's care of the decedent during the applicable period of August 22, 2005 through November 14, 2006. Valley Grande Manor counters Paredes's assertion by referring us to Paredes's live petition, which states that Paredes's suit is for "all damages" brought about by "reason of all Defendants' wrongful conduct detailed hereinabove. . . ." Paredes argues, however, that despite this language, she never claimed that each defendant caused all of the damages claimed in the entire suit. We agree. The live petition outlines the liability and claims as they pertain to each specific defendant and the relevant periods of time in which they cared for the decedent. Furthermore, the evidence presented at trial focused almost entirely on the decedent's care at Valley Grande Manor. While Valley Grande Manor's counsel asked several questions of Paredes's expert witness Dr. Loren Lipson related to the decedent's care at BNR, Paredes's counsel made it clear during his direct examination that Dr. Lipson's testimony was to focus "on the time frame that the jury's going to be asked to evaluate . . . the care that occurred up until [November 14, 2006] and nothing after that. . . ." The record also shows that Dr. Lipson directed his testimony exclusively to the decedent's care at Valley Grande Manor.

6

Valley Grande Manor also contends that Paredes's cause of action related to a single injury, pled against all defendants jointly, which violates the one satisfaction rule. We disagree. The rule applies when multiple defendants commit the same acts, as well as when defendants commit technically different acts that result in a single injury. *Casteel*, 22 S.W.3d at 390 (citing *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991)). In this case, Paredes presented evidence which focused solely on the decedent's injuries sustained from August 25, 2005 to November 14, 2006. More specifically, the evidence presented at trial related to the decedent's: (1) falls at Valley Grande Manor; (2) scabies; (3) decubitus ulcers, which developed upon the decedent's admission to BNR; (4) edema to the decedent's extremities; and (4) labored respirations, which according to Dr. Lipson is often a sign of pneumonia. Finally, Paredes submitted a specific question of damages to the jury, which limited the finding only to the pain and mental anguish suffered by the decedent as a result of Valley Grande Manor's negligent acts. In short, the evidence at trial against Valley Grande Manor proved acts entirely different from the acts alleged against BNR. Thus, the failure to apply the settlement credit does not violate the one satisfaction rule.

Therefore, based on the record, we conclude that the trial court did not abuse its discretion by denying Valley Grande Manor's request to credit BNR's settlement with Paredes in its final judgment. Valley Grande Manor's first issue is overruled.[2]

---

[2] We further agree with Paredes that Valley Grande's position on this issue runs counter to the plain language of section 74.301(c) of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.301(c) (West 2011). Under the applicable provision, non-economic damages are capped at $250,000 for each health care institution, with a total "per occurrence" cap at $500,000 per claimant. *See id.* Here, Paredes's aggregate amount of noneconomic damages totals $385,000 ($250,000, reduced

## III.    CHARGE ERROR

By its second issue, Valley Grande Manor asserts that the trial court abused its discretion by not submitting the issue of BNR's liability to the jury.

### A.    Standard of Review and Applicable Law

We review a trial court's decision to submit or refuse a particular instruction for an abuse of discretion.   *Thota v. Young,* 366 S.W.3d 678, 687 (Tex. 2012) (citing *In re V.L.K.,* 24 S.W.3d 338, 341 (Tex. 2000)).   The trial court has considerable discretion to determine proper jury instructions, and if an instruction might aid the jury in answering the issues presented to them, or if there is any support in the evidence for an instruction, the instruction is proper.   *Id.*; *La.-Pac. Corp. v. Knighten,* 976 S.W.2d 674, 676 (Tex.1998).

An instruction is proper if it (1) assists the jury, (2) accurately states the law, and (3) finds support in the pleadings and evidence.   *Columbia Rio Grande Healthcare, L.P. v. Hawley,* 284 S.W.3d 851, 855–56 (Tex. 2009).   We will not reverse a judgment for a charge error unless unless it (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.   TEX. R. APP. P. 44.1(a).   Charge error is generally considered harmful if it relates to a contested, critical issue. *Hawley,* 284 S.W.3d at 856; *see also Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 480 (Tex. 2001) ("An improper instruction is especially likely to cause an unfair trial when the trial is contested and the evidence sharply conflicting. . . .").

---

damages against Valley Grande + $125,000, settlement with BNR + $10,000 settlement with ADC).   Even assuming without deciding that Paredes alleged a single, indivisible injury that required a settlement credit, the proper measurement would be against the $500,000 aggregate damages cap prescribed by section 74.301(c), and not $250,000, as Valley Grande contends.

**B.      Discussion**

Valley Grande Manor argues that the trial court improperly denied its request to submit a proportionate liability jury charge instruction as to BNR under section 33.003 of the civil practice and remedies code.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003 (West 2008).   We disagree.

Subsection (a) of section 33.003 provides as follows:

> The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought, whether by negligent act or omission . . . that violates an applicable legal standard, or by any combination of these: . . . (3) each settling person."

*Id.* § 33.003(a).[3]   However, a trial court shall not allow a submission to the jury of a question regarding conduct by any person without sufficient evidence to support the submission.   *Id.* § 33.003(b).

As outlined in Part II of this opinion, the claims asserted, the evidence presented, and the damages sought in this case related specifically to the decedent's pain and mental anguish during the period from August 22, 2005 until November 14, 2006, while the decedent was under Valley Grande Manor's care.   Thus, the evidence did not support an instruction as to BNR's comparative responsibility, and the trial court did not abuse its discretion by not including such an instruction in the jury charge.   *See Knighten*, 973 S.W.2d at 671; *see also Rehabilitation Facility at Austin, Inc. v. Cooper*,

---

[3] "Settling person" means a person who has, at any time, paid or promised to pay money or anything of monetary value to a claimant in consideration of potential liability with respect to the personal injury, property damage, death, or other harm for which recovery of damages is sought.   TEX. CIV. PRAC. & REM. CODE ANN. § 33.011 (West 2008).

962 S.W.2d 151, 154 (Tex. App.—Austin 1998, no pet.) (concluding that the trial court did not err in refusing to submit a question of liability as to a settling doctor defendant for injuries he was not alleged in the pleadings or the evidence to have caused). Valley Grande Manor's second issue is overruled.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
11th day of July, 2013.