**DISSENT; Opinion Filed August 31, 2022**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-20-00379-CV

**NEWSOM, TERRY & NEWSOM, LLP AND STEVEN K. TERRY,**
**Appellants**
**V.**
**HENRY S. MILLER COMMERCIAL COMPANY, Appellee**

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-09-01306-G**

### DISSENTING OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Carlyle

I disagree only with the majority's determination that the trial court committed jury charge error in this legal malpractice case. To me, the majority falls into two analytical difficulties that sidetrack its analysis. The first is in ignoring the word "incidentally" in rule 277 and the second is that the substance of the malpractice is legal representation.

Texas Rule of Civil Procedure 277 says:

> The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers, but the court's charge shall not be objectionable on the ground

that it incidentally constitutes a comment on the weight of the evidence or advises the jury of the effect of their answers when it is properly a part of an instruction or definition.

The trial court has considerable discretion to determine proper jury instructions, and if an instruction in a charge might aid the jury in answering the issues presented, or if there is any support in the evidence for an instruction, the instruction is proper. *Thota v. Young*, 366 S.W.3d 678, 687 (Tex. 2012) (citing *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998)). Incidental comments in jury charges are permissible when necessary as part of an explanatory instruction or definition. *See Imagine Auto. Grp. v. Boardwalk Motor Cars, Ltd.*, 430 S.W.3d 620, 645 (Tex. App.—Dallas 2014, pet. denied); TEX. R. CIV. P. 273, 277.

Here, the court first provided jurors the relevant text of the responsible third party (RTP) statute, Texas Civil Practices and Remedies Code § 33.004, followed by an explanatory instruction which read as follows:

> Under this statute, a defendant is not required to provide evidence at the time of the filing of a motion for leave to designate a responsible third party, but the designation may be struck, by the Court, for lack of evidence after an adequate time for discovery has passed.[1]

> In resisting a motion to strike a designation of a responsible third party, the Terry Defendants would not have been required to prove the plaintiffs' case that there was fraud in the underlying transaction. They could rely on evidence of the proposed transaction, its failure, and the identity of a responsible third party as the defaulting buyer in resisting a motion to strike a designation of a responsible third party.

---

[1] The majority does not include this part of the explanatory instruction in its analysis, and though I include it for completeness, I do not place any special emphasis on it either.

The majority concludes the trial court abused its discretion by giving jurors this explanation. *See* TEX. R. APP. P. 44.1(a)(1). The abuse of discretion standard requires us to conclude that the trial court acted without guiding principles or acted arbitrarily or unreasonably. *Imagine Auto. Grp.*, 430 S.W.3d at 645. A court can abuse its discretion if it interprets or applies the law incorrectly, and I assume that's the path the majority takes here.

From the beginning, the majority incorrectly applies the governing rule because it fails to consider the language allowing incidental comments in the jury charge. The majority says, "A trial court's charge may not comment on the evidence or the weight of the evidence in any manner. *See* TEX. R. CIV. P. 277." The rule is more subtle: it prohibits only a comment "directly" on the weight of the evidence or one that advises the jury of the effect of its answers. The rule specifically allows a charge that "incidentally" constitutes a comment on those matters. TEX. R. CIV. P. 277. That is what we're presented with in this charge.

This brings me to the second analytical difficulty the majority encounters: it happens in this legal malpractice case that the proper application of the law to a set of facts was the subject of the litigation. And at heart, my colleagues find fault in the way the court instructed the jury about the law as applied to the facts in this case. In my view, it was entirely proper to instruct jurors how the law applies to the specific facts of the case.

Explanatory instructions should be submitted when, in the discretion of the trial court, they will help jurors understand the meaning and effect of the law and the presumptions the law creates. *Tex. Ear Nose & Throat Consultants, PLLC v. Jones*, 470 S.W.3d 67, 88 (Tex. App.—Houston [14th Dist.] 2015, no pet.). An instruction can be a correct statement of the law but unnecessary in the charge. *Id.* The instruction here aided jurors in answering the issues presented to them, and on that basis, the instruction is proper. *See Thota*, 366 S.W.3d at 687.

To the extent the majority concludes the court's instruction was a direct comment "on the weight of the evidence or advises the jury of the effect of their answers," I disagree. To be a direct comment on the weight of the evidence, the issue submitted must suggest to the jury the trial court's opinion on the matter. *H.E. Butt Grocery Co. v. Bilotto*, 985 S.W.2d 22, 24 (Tex. 1998). An impermissible comment on the weight of the evidence occurs when "after examining the entire charge, it is determined that the judge assumed the truth of a material controverted fact, or exaggerates, minimizes, or withdraws some pertinent evidence from the jury's consideration." *Am. Bankers Ins. Co. of Fla. v. Caruth*, 786 S.W.2d 427, 434 (Tex. App.—Dallas 1990, no writ). Similarly, to directly advise the jury of the legal effect of its answers, the issue submitted must instruct the jury how to answer each question in order for the plaintiff or defendant to prevail. *Id.* (citing Pope & Lowerre, *The*

*State of the Special Verdict—1979*, 11 ST. MARY'S L.J. 1, 43 (1979)). The instruction does none of these things.

Instead, it informs jurors of the legal mechanics of a motion to strike proceeding as colored by the factual allegations here. Any comment on the evidence is the definition of incidental. *See Bilotto*, 985 S.W.2d at 24. The best sense I can make of the majority's reading—to the extent it considers the "incidentally" language in rule 277 at all—is that incidental means only small or minuscule. But that ignores the other use of incidental, which is "liable to happen as a consequence of an activity."[2]

The majority cites several cases to support a conclusion that the instruction directly instructed jurors how the court had ruled and is objectionable for that reason.[3] But unlike those cases, the court here made no announcement that it had concluded either party was correct on any issue, and it gave no hint that the court favored one party over the other because it had already decided for that party on particular issues. The majority hyperelasticizes the principle those cases stand for and in the process, ignores the incidental effect an instruction might have as opposed to a specific instruction regarding prior final findings the court has made.

---

[2] Incidental is defined as "happening as a result of or in connection with something more important; casual" or "likely to happen as a result or concomitant." *Incidental*, WEBSTER'S NEW WORLD DICTIONARY 682 (Third College ed. 1994).

[3] *See In re Commitment of Shelton*, No. 02-19-00033-CV, 2020 WL 1887722, at *12 n.7 (Tex. App.—Fort Worth Apr. 16, 2020, no pet.) (mem. op. on reh'g); *Bd. of Regents of N. Tex. State Univ. v. Denton Constr. Co.*, 652 S.W.2d 588, 594–95 (Tex. App.—Fort Worth 1983, writ ref'd n.r.e.).

The majority further claims the instruction was not properly part of the charge because it added nothing that selected portions of § 33.004 hadn't already told the jury. This wasn't an intermediate court of appeals hearing a writ of mandamus relator complaining that the trial court improperly granted a motion to strike an RTP; this was a lay jury trying to decide whether a lawyer had committed malpractice. To do their job, jurors needed the basics of the legal mechanics in this area of law, plus some. The instruction clarified the boundaries within which the parties could properly argue on the motion to strike an RTP designation. It helped the jurors do their job.

I also find fault with the majority's attempts to discredit the trial court for using words from this court's prior opinion in this case. The majority says the court imported the language to the explanation portion of the charge "out of context" because the "original context was a discussion of whether there was more than a scintilla of evidence to support a finding that Terry was grossly negligent."

In our prior opinion, we reversed the grant of a directed verdict on gross negligence. In that posture, using the modified legal sufficiency standard to evaluate gross negligence claims resulted in a holding that HSM had presented clear and convincing evidence of gross negligence—evidence providing a factfinder the basis for a firm belief or conviction as to the truth of the allegations. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012); *Henry S. Miller Commercial Co. v.*

*Newsom, Terry & Newsom, L.L.P.*, No. 05-14-01188-CV, 2016 WL 4821684, at *7 (Tex. App.—Dallas Sept. 14, 2016, pet. denied) (mem. op.) ("*HSM I*") ("Instead, we must determine whether a reasonable factfinder could form a firm belief or conviction that the Lawyers were grossly negligent in failing to designate Flaven as a responsible third party." (citing *U-Haul Int'l, Inc.*, 380 S.W.3d at 137)). We said HSM had offered "clear and convincing evidence establishing the Lawyers' subjective and objective awareness of the extreme risks of their litigation strategy which exposed HSM to multi-million-dollar liability not only for Defterios's actions but also for Flaven's." *HSM I*, 2016 WL 4821684, at *7.[4]

All that said, the prior opinion wasn't discussing jury charge issues like the one we face in this case. But the trial judge used our specific statement of law as it applies to the facts in this case as a legally proper, relevant, helpful instruction to the jurors. *See Thota*, 366 S.W.3d at 687 (citing *La.-Pac. Corp.*, 976 S.W.2d at 676); TEX. R. CIV. P. 277. To prevail on a motion to strike, HSM would have had to present only a scintilla of evidence that Flaven was responsible. *See Gregory v. Chohan*, 615 S.W.3d 277, 298 (Tex. App.—Dallas 2020, pet. pending) (en banc). In *HSM I*, our substantive conclusion was that "evidence of the proposed transaction, its failure,

---

[4] As part of our recognition that the existence of controverting evidence was not enough to support the directed verdict on gross negligence, we noted that the Terry defendants presented evidence that the "jury could have credited" to support the conclusion that they were not grossly negligent. This did nothing to undercut our pronouncement that, in resisting the motion to strike the RTP designation, HSM would not have had to prove the plaintiffs' case that there was fraud in the underlying transaction. Instead, we noted there was "ample evidence of the proposed transaction, its failure, and Flaven's identity as the defaulting buyer." *HSM I*, 2016 WL 4821684, at *6.

and the identity of a responsible third party as the defaulting buyer" would satisfy the clear and convincing standard. *HSM I*, 2016 WL 4821684, at *6. It is simple extrapolation that the same evidence constitutes more than a scintilla and thus would defeat a motion to strike. Given that the standard to defeat a motion to strike is more than a scintilla of evidence, it's not clear why the majority has a problem with the trial court's using language from our prior opinion discussing that standard even on a different legal issue.

Also, the majority never explains how the court's instruction was legally incorrect aside from suggesting it directed jurors regarding the court's prior conclusions[5]—that's probably because the instruction is a proper statement of the law. Instead, the majority cites case law dealing with trial tactics and reduces appellants' failure to designate Flaven as an RTP to a mere trial tactic, the same logical error appellants make in their appellate argument. *See Childs v. Crutchfield*, No. 09-07-00065 CV, 2007 WL 5075982, at *6 (Tex. App.—Beaumont Sept. 13, 2008, pet. denied) (mem. op.).[6] A lawyer has discretion to execute trial tactics in accordance with the law, including whether to designate a person as an RTP. But I see no reason to extend that discretion to include making decisions based on

---

[5] As I recognize above, a court may commit error even when including legally correct instructions, but I view the instruction as relevant to the jurors' task in this legal malpractice case.

[6] The majority says that "any suggestion by the court that Terry should have made a different decision would likely sway a jury." The trial court's instruction does not suggest that "Terry should have made a strategic decision"—it instructs on the law as applied to the motions to strike RTP in this case.

incorrect legal conclusions—it is no trial tactic to be wrong on the law. And the trial court did not abuse its discretion by correctly instructing the jury on the law applicable to the case, so that the jury could decide whether appellants acted negligently under the circumstances.

Appellants were entitled to a fair opportunity to convince the jury that they were not negligent in failing to designate Flaven as an RTP. In doing so, they were free to argue that Terry's interpretation of what the law would have required HSM to show was reasonable at the time of his decision not to designate Flaven, even if his interpretation ultimately proved to be mistaken. Appellants were not, however, entitled to an opportunity to mislead the jury about what the law actually requires, and the trial court did not abuse its discretion by clarifying the law for the jury.

Along those lines, the majority engages in a harm analysis to support its implicit conclusion that the court's instruction "probably caused the rendition of an improper judgment." But the Court's harm analysis focuses on the effect that the instruction may have had on the verdict. It makes no clear attempt to explain how the judgment based on that verdict was improper. Instead, it makes suggestions and inferences underlying only the idea that the instruction may have "impacted all of the jury's responses." That isn't the standard.

We know there can be harmless charge errors. *See Shupe*, 192 S.W.3d at 579–80. Charge error is harmless when it fails to "probably cause the rendition of an

improper judgment." TEX. R. APP. P. 44.1(a)(1). Even though I don't agree there was error, the majority engages in an insufficient analysis to explain how the judgment was improper. *See id.* There is the suggestion that, because the RTP issue was contested or critical, the charge error was more likely to cause harm. *See Thota*, 366 S.W.3d at 687. But this principle can co-exist with a conclusion of no error or no harm from a legally correct explanatory instruction that has the effect of cutting against one party. The Court's opinion gives reasons why the instruction could have caused the answer but not how the answer was legally wrong. Instead, the evidence supports the $13 million verdict in negligence damages and $7 million in exemplary damages.

My final problem with the majority opinion is that it pulls the rug out from under the trial court. When trial courts fail to follow our decisions, we remand cases back to them with sometimes stern instructions to do what we say. The record begets only one conclusion to me: that the very able trial judge acted reasonably and followed guiding principles by taking our direction from *HSM I* in an effort to avoid committing reversible error.

I dissent.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

200379df.p05

–10–