**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00697-CV

_____

### LAKEITH AMIR-SHARIF, Appellant

### V.

### DEDRIC D. BOSTIC AND BETTY HIGHTOWER, Appellees

---

On Appeal from the 412th Judicial District Court
Brazoria County, Texas
Trial Court Case No. 75570-I

---

## MEMORANDUM OPINION

This is a prison inmate's suit against prison officials. The inmate sought compensation for the loss of his personal property, but a jury found that the officials had not converted the inmate's property in violation of the Texas Theft Liability Act and had not conspired to deprive him of it. The trial court dismissed

the inmate's other claims for constitutional violations, and it entered judgment on the jury's verdict. The inmate appeals, contending that the trial court erred in dismissing his constitutional claims and that the evidence does not support the jury's verdict. We conclude that the trial court did not err in dismissing the inmate's constitutional claims and that sufficient evidence supports the jury's verdict. We therefore affirm.

## Background

Lakeith Amir-Sharif sued Dedric Bostic and Maggie Hightower, among others who are not parties to the appeal, alleging that they wrongfully confiscated and destroyed Amir-Sharif's personal items during intake processing at the Holliday Prison Unit. Amir-Sharif alleged that, upon his return to prison after his temporary transfer of custody under a bench warrant, Bostic improperly confiscated and destroyed his personal property, consisting of coffee, sweeteners, toiletries, a writing tablet, an eraser, nitroglycerin pills, asthma pumps, pictures, and law books. He alleged that the confiscation and destruction of his property violated his federal and state due process rights, the Eighth Amendment and the Equal Protection Clause of the federal constitution, and the Texas Theft Liability Act. He further alleged claims for retaliation and intentional infliction of emotional distress and named Hightower as a co-conspirator.

The trial court dismissed all of Amir-Sharif's claims except his Theft Liability Act claim against Bostic and his conspiracy claim against Bostic and Hightower, which were tried to a jury. The jury rejected both claims.

**Discussion**

On appeal, Amir-Sharif contends that the trial court abused its discretion by dismissing the claims that were not tried to the jury under Chapter 14 of the Texas Civil Practice and Remedies Code. He further contends that the evidence is legally and factually insufficient to support the jury's findings that (1) Bostic did not unlawfully appropriate Amir-Sharif's property; and (2) Bostic and Hightower did not conspire to retaliate against him. Finally, Amir-Sharif contends that the trial court abused its discretion by denying Amir-Sharif's motions for new trial, for judgment notwithstanding the verdict, and to reopen the evidence to allow him to call additional Texas Department of Corrections officials to testify at trial.

**A.    Standard of Review and Applicable Law**

Chapter 14 of the Texas Civil Practice and Remedies Code governs a lawsuit filed by an inmate and accompanied by the inmate's affidavit or declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002 (West 2002). It requires an inmate to exhaust the administrative remedies available through the TDCJ grievance system before the inmate may file the claim in state court. *See id.* § 14.005(a)(1) (mandating that inmate who files claim subject to

3

TDCJ grievance system file affidavit or unsworn declaration stating date grievance was filed and date inmate received written grievance decision). The exhaustion requirement applies to "operative facts for which the grievance system provides the exclusive administrative remedy." TEX. GOV'T CODE ANN. § 501.008(d) (West 1995).

A trial court properly dismisses a suit brought under Chapter 14 if an inmate fails to comply with the statute's requirements. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004–5 (West 2002); *Bell v. Tex. Dep't of Crim. Justice– Inst'l. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). Under Chapter 14, a trial court also may dismiss the suit if it finds that the inmate's suit is frivolous or malicious—that is, if the claims raised in the suit have no arguable basis in law or fact. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (West 1995). We review a trial court's dismissal pursuant to Chapter 14 for an abuse of discretion. *Id.*; *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.— Houston [1st Dist.] 1998, no pet.). A trial court abuses its discretion if its action is arbitrary or unreasonable in light of all the circumstances. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied).

An appellant attacking the legal sufficiency of an adverse finding on an issue on which he had the burden of proof must demonstrate that the evidence

4

conclusively establishes all vital facts in support of the issue.  *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex. 2001).  The appellant must show that there is no evidence to support the finding and the evidence conclusively establishes the opposite of the finding.  *Id.*  We first examine the record for any evidence supporting the jury's finding while ignoring all evidence to the contrary.  *Id.*  If no evidence supports the finding, then we review the entire record to determine whether the contrary proposition is established as a matter of law.  *Id.*

When a party attacks the factual sufficiency of an adverse finding on an issue for which he has the burden of proof, he must demonstrate that the adverse finding is against the great weight and preponderance of the evidence.  *Id.* at 242; *Benavente v. Granger*, 312 S.W.3d 745, 748 (Tex. App.—Houston [1st Dist.] 2009, no pet.)  We may set aside the verdict only if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.  *Dow Chem. Co*., 46 S.W.3d at 242; *Benavente,* 312 S.W.3d at 748; *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).  A jury may believe one witness and disbelieve another, and it may resolve inconsistencies in any witness's testimony.  *Eberle v. Adams*, 73 S.W.3d 322, 327 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

A trial court has wide discretion in denying a motion for new trial, and its action will not be disturbed on appeal absent an abuse of discretion.  *Hicks v.*

*Ricardo*, 834 S.W.2d 587, 590 (Tex. App.—Houston [1st Dist.] 1992, no writ); *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983).

We review the grant or denial of a motion for JNOV under a legal-sufficiency standard, under which the appellant must show that there is no evidence to support the factfinder's finding and the evidence conclusively establishes the opposite of the finding. *Dow Chem. Co.,* 46 S.W.3d at 241. The trial court has broad discretion on whether to admit or to exclude evidence. *Tex. Workers' Comp. Comm'n v. Wausau Underwriters Ins*., 127 S.W.3d 50, 56 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). We review a trial court's rulings on the admissibility of evidence for an abuse of discretion. *Gharda USA, Inc. v. Control Sols., Inc*., 464 S.W.3d 338, 347 (Tex. 2015). An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

**B.    Analysis**

**1.    Chapter 14 Partial Dismissal**

Amir-Sharif's claim is subject to Chapter 14 because he is an inmate who has filed an affidavit of inability to pay costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004–5; *Bell*, 962 S.W.2d at 158. In Amir-Sharif's grievance, he complained Bostic and Hightower had intentionally destroyed his

6

personal property. The grievance contains the phrase "should have reasonably known that their acts and omissions were violative of my well-established federal rights of due process and of freedom from unlawful property seizures," but it does not describe any facts giving rise to a claim besides the destruction of his property. Amir-Sharif's grievance does not name other defendants or allude to other causes of action.

Amir-Sharif's grievance complained only of his theft and conspiracy claims against Bostic and Hightower arising out of their alleged conduct in taking and destroying Amir-Sharif's personal property. The facts alleged in Amir-Sharif's lawsuit involve individuals who were not identified in the grievance as well as conversations and actions that were not the subject of the grievance. Amir-Sharif thus failed to exhaust administrative remedies for the claims he asserts against the previously unidentified defendants or for other causes of action, including unrelated violations of federal and state due process based on retaliatory conduct and violations of the Equal Protection Clause and the Texas Constitution, negligent failure to train or supervise employees, or intentional infliction of emotional distress. A claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies regarding the operative facts underlying it. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (West 1995); TEX. GOV'T CODE ANN. §

501.008(d); *Hill v. Smith*, 14-11-00773-CV, 2012 WL 8017140, at *2 (Tex. App.—Houston [14th Dist.] Feb. 16, 2012, no pet.) (mem. op.).

Accordingly, the trial court acted within its discretion in dismissing these claims. *See Wolf v. Tex. Dep't of Crim. Justice, Inst'l. Div.,* 182 S.W.3d 449, 451 (Tex. App.—Texarkana 2006, pet. denied) ("Wolf's grievance does not address the issue he brought in his civil petition, and we cannot say he either sought or received a final administrative decision on those issues."); *Riddle v. Tex. Dep't of Crim. Justice, Inst'l. Div.*, 13-05-054-CV, 2006 WL 328127, at *2 (Tex. App.—Corpus Christi Feb. 9, 2006, pet. denied) (mem. op.) ("Riddle did not exhaust the grievance procedures for those individuals named in the claim who were not named in his grievance. Thus, Riddle did not fulfill all statutory procedural requirements".).

To the extent that Amir-Sharif's due process claim is related to the destruction of his property, it fails as a matter of law. Inmates in Texas have no arguable basis in law for asserting a due process claim for the intentional destruction of their property because Texas inmates have a meaningful post-deprivation remedy. *See* TEX. GOV'T CODE ANN. § 501.007 (West 2011) (providing a cause of action for inmates for damaged property); *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3203 (1984) (holding that intentional deprivations of inmate property by a state employee do not constitute a violation of

8

due process where meaningful postdeprivation remedies are available); *Aguilar v. Chastain*, 923 S.W.2d 740, 744 (Tex. App.—Tyler 1996, writ denied) (holding that Texas provides an adequate remedy for inmate property claims). We hold that the trial court did not abuse its discretion in granting Bostic and Hightower's motion to dismiss Amir-Sharif's claims that were not tried to the jury.

## 2. Sufficiency of the Evidence

Amir-Sharif next complains that the evidence is legally and factually insufficient to support the jury's findings that Bostic did not unlawfully appropriate Amir-Sharif's property and that there was no retaliation or conspiracy against him. Amir-Sharif points to testimony from offender property officer Brenda Juarez and intake officer Betty Hightower as some evidence that Bostic had violated Department policies during intake. Upon cross examination, however, Hightower and Juarez clarified that neither Bostic nor Hightower had unlawfully appropriated Amir-Sharif's property or violated any Department policies. Bostic, grievance investigator Kennard Palumbo, and Assistant Warden Kari Cook testified that neither Bostic nor Hightower had engaged in any misconduct toward Amir-Sharif nor violated any Department policies. The jury reasonably could have credited this testimony, which precludes any conclusive showing of unlawful conduct. Further, the jury's resolution of this factual dispute is not against the great weight and preponderance of the evidence. Accordingly, we hold that factually and legally

9

sufficient evidence supports the jury's findings that Bostic did not unlawfully appropriate property from Amir-Sharif and that Bostic and Hightower did not conspire or retaliate against him.

### 3. Other Complaints

Amir-Sharif next complains that the trial court abused its discretion by denying his motion for JNOV and his motion for new trial, in which Amir-Sharif alleged that (1) the jury verdict was contrary to the weight of the evidence; (2) the placement of an unadmitted exhibit in view of the jury undermined the integrity and fairness of the jury verdict; (3) the defense attorney improperly mentioned the absence of a settlement offer during closing argument; (4) the jury's verdict was legally and factually insufficient; (5) the defendants did not enjoy qualified immunity; (6) the jury charge was improper; (7) the trial court abused its discretion in denying his request for additional witnesses; (8) the trial court abused its discretion by not requiring all eight defendants on duty to provide sworn affidavits; (9) the trial court erred by not requiring production of the employee roster; (10) the trial court erroneously found for the defendants on the issue of qualified immunity; and (11) the trial court erroneously denied Amir-Sharif's request for at least one of the officers who trained Bostic and Hightower to testify.

We have determined that legally and factually sufficient evidence supports the jury verdict. This holding disposes of Amir-Sharif's challenge to the trial

court's denial of his JNOV motion as well as the evidentiary sufficiency challenge made in his motion for new trial. With respect to his trial presentation challenges, Amir-Sharif waived his complaints by failing to contemporaneously raise them to the trial court and obtain rulings on them. *See* TEX. R. APP. P. 52(a); *Bushell v. Dean,* 803 S.W.2d 711, 712 (Tex. 1991).

The record reveals that the jury did not reach the issue of qualified immunity. The record further reveals that the jury charge instructed the jurors that, "The Defendants have stipulated that Dedric Bostic took Plaintiff's nitro glycerin pills and two (2) asthma pumps. These were put into a box by Dedric Bostic and destroyed." Because the record contradicts Amir-Sharif's new trial complaints about these matters, we hold that the trial court did not abuse its discretion in overruling them.

Amir-Sharif contends that the trial court abused its discretion in excluding testimony from prison officials and the officers who trained Bostic and Hightower. Trial courts have discretion to exclude cumulative evidence. *Parker v. Miller*, 860 S.W.2d 452, 458 (Tex. App.—Houston [1st Dist.] 1993, no writ). For the exclusion of evidence to constitute reversible error, the complaining party must show that (1) the trial court committed error and (2) the error probably caused the rendition of an improper judgment. *State v. Cent. Expwy. Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009); *McCraw v. Maris*, 828 S.W.2d 756, 757 (Tex.

11

1992); *Gee v. Liberty Mut. Fire Ins. Co*., 765 S.W.2d 394, 396 (Tex. 1989). The exclusion of evidence is harmless if the evidence is merely cumulative of other evidence in the record. *See McCraw*, 828 S.W.2d at 762; *Pyle v. S. Pac. Transp. Co.*, 774 S.W.2d 693, 696 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

During a pretrial hearing, Amir-Sharif acknowledged that the witness he would have called, A. Davis, would have contributed nothing of value because the defendants had stipulated to the jury that they had destroyed Amir-Sharif's property, and the property forms identifying Amir-Sharif's property were admitted into evidence. Amir-Sharif complains that the property forms were insufficient in lieu of officials' testimony about the circumstances and Department policies. But Amir-Sharif did not proffer evidence of the nature of their additional testimony. Since the testimony would have been cumulative of the admitted property forms and Amir-Sharif did not otherwise proffer the substance of their excluded testimony, we hold that the trial court did not abuse its discretion in excluding it. *See McCraw*, 828 S.W.2d at 762 (holding that exclusion of cumulative testimony is not harmful). Nor has Amir-Sharif demonstrated that the exclusion of this evidence resulted in an improper judgment.

Amir-Sharif also contends that the Holliday Unit warden and the medical department supervisor, as well as the officers who trained Bostic and Hightower have personal knowledge of the facts and thus should have testified. But Amir-

Sharif did not proffer the substance of their testimony. Amir-Sharif conceded that no high-ranking prison officials were present when Bostic disposed of Amir-Sharif's property. His bare assertion that the testimony would have highlighted the need for "further juror scrutiny" of Bostic's and Hightower's actions fails to demonstrate that the trial court erred in excluding them as witnesses or that the ruling probably caused the adverse judgment. *See Cent. Expwy. Sign Assocs.*, 302 S.W.3d at 870 (holding that appellant must show that the exclusion probably caused rendition of an improper judgment to show harm); *McCraw*, 828 S.W.2d at 757 (same); *Gee*, 765 S.W.2d at 396 (same).

Amir-Sharif contends that the trial court abused its discretion by denying him discovery by failing to compel production of affidavits of three of the eight employees in the intake area and of the employee roster. Amir-Sharif alleges that the three affidavits that he did not receive might have corroborated his account, but acknowledges that he did not know what the employees would have testified. Similarly, Amir-Sharif complains that the trial court's denial of his request to compel production of the turnout roster prevented him from accessing medical personnel witnesses, but he does not identify what the witnesses would have testified or show that testimony would have resulted in the rendition of a different judgment. Because Amir-Sharif fails to demonstrate that the exclusion of the witnesses probably caused the rendition of the adverse judgment, he has failed to

13

demonstrate reversible error.  *See* TEX. R. APP. P. 44.1; *Cent. Expwy. Sign Assocs.*, 302 S.W.3d at 870 (holding that appellant must show that the exclusion probably caused rendition of an improper judgment to show harm); *McCraw*, 828 S.W.2d at 757 (same); *Gee*, 765 S.W.2d at 396 (same).

## Conclusion

We affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Radack, Jennings, and Bland.