Maricella **BENAVENTE**, Appellant,

v.

Daniel **GRANGER**, Appellee.

No. 01–08–00227–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 23, 2009.

---

Reginald E. McKamie, Sr., Law Office of Reginald E. McKamie, Sr., P.C., Houston, TX, for Appellant.

Karl Drews, Cooper, Sprague, Jackson & Boanerges, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices SHARP and TAFT.[1]

## OPINION

SHERRY RADACK, Chief Justice.

Appellant, Maricella Benavente, appeals from a judgment, rendered upon a jury

---

1. The Honorable Tim Taft, retired justice, Court of Appeals for the First District of Texas, participating by assignment.

verdict, that she take nothing in her suit for damages resulting from a rear-end automobile collision. In one issue, she contends that "the jury verdict is incorrect and that [she] should have prevailed as a matter of law." We affirm.

## BACKGROUND

Appellee, Daniel Granger, rear-ended Benavente's car with his car. Granger was driving in the left-most lane, approaching an intersection. Two or three cars were stopped in front of him, where the light had only just turned green. Although the light was green, Granger slowed down because the cars in front of him were not moving. He had observed traffic in the adjoining lane, and he estimated that he was driving about 10 miles per hour more slowly than the drivers in the next lane.

Granger's 10–year–old son, who was a passenger in the car, pointed out a yellow car that was approaching the intersection from the side lane. Granger briefly looked up at the yellow car, which he believed was a Lamborghini. When he looked back, he saw that the cars in front of him were stopped on the other side of the intersection. He braked hard, but his car hit the rear end of Benavente's car, which then collided with the car in front of it. Granger testified at trial that there was very little impact inside his car.

Benavente sued Granger for negligence. Granger testified that he was alert, not following too closely, and not speeding, although he conceded that he hit Benavente's car. On cross-examination, he agreed that a driver should be attentive to traffic around him, maintain a safe distance, and drive at a safe speed. The jury found that Granger was not negligent, and Benavente appealed.

## NATURE OF BENAVENTE'S CHALLENGE

■ Benavente's sole issue asks "whether the jury verdict is incorrect and that plaintiff should have prevailed as a matter of law." Although Benavente states that "this is a legal sufficiency challenge," her issue is ambiguous as to whether she is challenging the legal or factual sufficiency of the evidence.

Justice Calvert wrote, "It was said in the beginning that magic in words in points of error should be as extinct as the dodo bird." *See* Robert W. Calvert, *'No Evidence' and 'Insufficient Evidence' Points of Error*, 38 TEX. LAW REV. 361, 371 (1960). He further advised:

> If the language of a point of error leaves a Court of Civil Appeals in doubt as to whether it is a "no evidence" point, an "insufficient evidence" point, or a "preponderance of the evidence point" point, the Court should resolve the doubt by looking to the procedural predicate for the point, the argument under the point, and the prayer for relief.

*Id.* at 372.

When the party's brief was ambiguous, we and other courts of appeals have looked to a party's prayer for relief to determine what standard of review to apply. *See, e.g., Skains v. Torch Offshore, L.L.C.,* No. 01–07–00008–CV, 2008 WL 963039, at *1 (Tex.App.-Houston [1st. Dist.] April 10, 2008, no pet.) (memo. op.) (construing issue to be factual sufficiency when appellant cited legal sufficiency standard of review, analyzed issue as factual sufficiency, and sought remand); *City of Univ. Park v. Van Doren,* 65 S.W.3d 240, 246–47 (Tex. App.-Dallas 2001, pet. denied) (construing appellate issue to be legal sufficiency when appellant described issue in terms of factual sufficiency, but cited no standard of review and sought rendition).

Benavente's brief recites the legal sufficiency standard of review. However, in her one-page argument, she argues for strict liability under the Texas Transportation Code, saying that the "evidence is overwhelming that Mr. Granger was negligent and there is absolutely no evidence whatsoever that Ms. Benavente was negligent in any respect." This argument is more like one of factual sufficiency than of legal sufficiency, as Benavente in essence argues that the verdict is against the great weight and preponderance of the evidence. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001) ("When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence."). In addition, Benavente's prayer for relief seeks remand, which is the proper remedy for factual insufficiency. *Compare Glover v. Tex. Gen. Indem. Co.,* 619 S.W.2d 400, 401–02 (Tex.1981) (holding that remand for new trial is remedy for factual insufficiency of evidence) *with Beach v. Resolution Trust Corp.,* 821 S.W.2d 241, 245 (Tex.App.-Houston [1st Dist.] 1991, no writ) (holding that rendition is remedy for no evidence).

Moreover, in her motion for new trial, Benavente argued that "the evidence presented at trial conclusively proved that defendant acted negligently, therefore, the jury's findings were against the great weight and preponderance of the evidence." Thus, Benavente's factual sufficiency challenge is preserved. *See* TEX.R. CIV. P. 324(b)(2).

Considering the procedural predicate and her argument and prayer for relief, we conclude that Benavente has challenged the factual sufficiency of the evidence to support the jury's verdict that Granger was not negligent.

## STANDARD OF REVIEW

"When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co.,* 46 S.W.3d at 242. In reviewing a challenge that a finding is against the great weight and preponderance of the evidence, we consider and weigh all of the evidence and may set aside the verdict only if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.; Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986). A jury may believe one witness and disbelieve another, and it may resolve inconsistencies in any witness's testimony. *Eberle v. Adams,* 73 S.W.3d 322, 327 (Tex. App.-Houston [1st Dist.] 2001, pet. denied).

## NEGLIGENCE

The jury charge included the following relevant definitions:

"NEGLIGENCE" means failure to use ordinary care; that is to say, failure to do that which a person of ordinary prudence would have done under the same or similar circumstances, or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"ORDINARY CARE" means that degree of care which would be used by a person of ordinary prudence under the same or similar circumstances.

"PROXIMATE CAUSE" means the cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have fore-

seen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

■ Benavente had the burden to prove that Granger was negligent and that his negligence was a proximate cause of the occurrence. *See Neese v. Dietz,* 845 S.W.2d 311, 313 (Tex.App.-Houston [1st Dist.] 1992, writ denied). Benavente contends that she proved Granger's negligence because the Texas Transportation Code requires a driver to maintain a safe following distance and to control the speed of his car so that he can "safely stop without colliding with … another vehicle." TEX. TRANSP. CODE ANN. §§ 545.062(a) (maintaining following distance), 545.351(b)(2) (controlling car's speed) (Vernon 1999). Benavente argues, in essence, that the collision itself is evidence that Granger violated those statutes and that violation of those statutes proves specific acts of negligence.

■ "[A] statute that requires a driver proceed safely imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction." *La.-Pac. Corp. v. Knighten,* 976 S.W.2d 674, 675 (Tex.1998); *see also Pool v. Ford Motor Co.,* 715 S.W.2d 629, 631–32 (Tex.1986) (concluding that court of appeals erred in holding that negligence per se applied to speeding under article 6701d, section 171(b) of former Texas Revised Civil Statutes). Likewise, a breach of section 545.062 does not constitute negligence per se. *Knighten,* 976 S.W.2d at 675 & n. 1 (construing substantively same language in predecessor statute in article 6701d, section 61(a) of former Texas Revised Civil Statutes). Section 545.062 imposes on the driver the same duty of reasonable care as

that imposed under the common law. *See id.*

■■ Under common law, the mere occurrence of a rear-end collision does not establish negligence as a matter of law. *Jordan v. Sava, Inc.,* 222 S.W.3d 840, 850 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Neese,* 845 S.W.2d at 314. The plaintiff must prove specific acts of negligence on the part of the defendant driver and must prove proximate cause. *Neese,* 845 S.W.2d at 314. With regard to rear-end collisions, "standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts." *Id.* Conflicts in the witnesses' testimony present credibility questions for the jury to resolve. *Id.* at 314–15.

The parties provided us with a partial reporter's record, consisting only of Granger's trial testimony.[2] Granger testified that he looked away for a "brief moment," that he was driving more slowly than surrounding traffic, that he was slowing down as he approached cars stopped by a light that had just turned green, and that he was not "tailgating." He testified that he was alert, although he also testified that he was distracted from the car in front of him during the moment that he looked at the yellow car. On the other hand, Granger also testified that he "ran into the back of her car, yes, I did." Granger testified that it was not a forceful collision, saying, "[I]t was a touch." When asked, "You can't say she was at fault, can you?," Granger replied, "No, I can't." On cross-examination, Granger testified that, in general, a driver should pay attention and maintain a speed and following distance that are safe for the conditions. He later testified on redirect

2. The parties here have agreed to proceed on a partial reporter's record. We "must presume that the partial reporter's record designated by the parties constitutes the entire record for purposes of reviewing the stated points or issues." TEX.R.APP. P. 34.6(c)(4).

examination that he felt that he had kept a safe distance.

Considering all of the evidence provided, we hold that the jury's verdict was not so contrary to the great weight and preponderance of the evidence that it was clearly wrong and unjust. We overrule Benavente's sole issue.

## CONCLUSION

We affirm the judgment of the trial court.

Justice SHARP, dissenting.

JIM SHARP, Justice, dissenting.

I believe that Granger's own testimony establishes that he violated his duty of reasonable care and engaged in specific acts of negligence that caused the collision.

According to his testimony, as Granger approached the intersection in his Camaro Z28 with his son en route to work, he started to reduce his speed some 1,000 yards or more from the intersection. There were two or three cars in the lane in which he was traveling that were already stopped at the light. The light changed, and he continued forward, with the same cars ahead of him in the intersection. When he was about to cross the intersection, he was distracted by a car approaching from the right and "glanced to the right" "for a brief second" to look at it. He had a brief conversation with his son about the car[1] before turning back to look

ahead again. At that point, despite the fact that he later claimed at trial that he had not been "tailgating," he saw the cars ahead of him stopped on the other side of the intersection, "just saw brake lights," "applied (his) brakes ... very hard," but "there just wasn't enough room," and he hit Benavente's car. Although he had previously testified that it had not been raining that day, when describing the actual collision, Granger asserted that "the intersection was slippery from oil or whatnot ... and [he] just could not stop completely."

Despite Granger's contention that he had been driving only "I would guess between five and ten miles per hour, possibly even less," and had rear-ended Benavente in what he described as a "very light" impact, he damaged her vehicle in both the rear and front, damaged the front lights, and caused the hood to be "crumpled and bent." Despite Granger's insistence that he had looked to the right only "for a brief second," Granger himself established that he had looked away long enough both (1) to engage in a conversation with his son about the approaching car and (2) to identify the car specifically by both color (yellow) and make (Lamborghini).

How is one who admits to being distracted from moving, stop-and-go traffic long enough to identify the color and make of an especially rare automobile **not** negligent when, as "[he] was just entering the

---

1. Granger was curiously inconsistent about how this conversation started.

Although we only have his cross-examination testimony from trial, as the parties provided a limited record on appeal, it is apparent from that testimony that Granger changed his position repeatedly on this point. The record at trial suggests that Granger first stated, in his deposition before trial, that his son had been the one to point out the car to him. But at trial, he took the position that it was he who had

pointed out the Lamborghini to his son, even testifying that he had told his son, "Look at that. I mean check that out." Twice he denied that it was his son who had drawn his attention to the car, the second time in response to a question from the judge. But after being confronted with an audiotape of his deposition, Granger changed his position again, testifying that it had been his son who had pointed out the yellow Lamborghini.

intersection," he "looked forward and saw that the cars had stopped on the other side," and yet still slammed into the rear of the car in front of him with sufficient force to cause that vehicle to hit the car in front of it?

We may all be able to tell a Pontiac from a Volvo, but when it comes to rare cars, the identification is not only not instantaneous, but requires some careful review to distinguish one from another. Fiat? Ferrari? Maserati? Alfa Romeo? Lancia? Bizzarrini? DeTomaso? Ghia? Intermeccanica? Iso? Ital Design? Pininfarina? Vignale? Zagato? Mercedes? Bentley?

Under these facts and the reporter's record provided, I would hold that Benavente provided overwhelming evidence of specific acts of negligence on Granger's part: not paying attention to the traffic in front of him, following too closely for the conditions, and driving too rapidly for the conditions. But for these specific acts of negligence, Granger would not have rear-ended Benavente's car.

Considering all of the evidence, the jury's verdict was so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. I would sustain appellant's issue and remand for a new trial.