**AFFIRMED; Opinion Filed August 26, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-11-01367-CV

**JULIUS C. HARRIS, Appellant**
**V.**
**STEVEN M. GIBSON, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-08-05455-E**

### MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Lang

Appellant Julius C. Harris claims he was injured while a passenger on a DART bus that

collided with an automobile driven by Steven M. Gibson.[1] He filed a plea in intervention in a suit

brought by Jerome Haliburton who also claims he was injured while a passenger on the same

DART bus. Harris asserted claims of both negligence and negligence per se against Gibson.

Appearing before this Court pro se, Harris appeals the trial court's decision to deny his

post-verdict motions.[2] We construe Harris's briefing to present the following issues: (1) there

was legally insufficient evidence to support the jury's finding Gibson was not negligent, (2) there

was factually insufficient evidence to support the jury's finding Gibson was not negligent, (3) the

---

[1] Dallas Area Rapid Transit ("DART").

[2] Harris filed three post-verdict motions: (1) motion for judgment notwithstanding the verdict, (2) motion to modify the judgment and in the alternative motion for new trial and objection, and (3) motion to reconsider his motion to modify the judgment and in the alternative motion for new trial and objection.

trial court erred by failing to include negligence per se instructions in the jury charge, (4) the trial court erred by failing to award Harris damages to which he alleges he was entitled, and (5) he should be granted a new trial because of the alleged misconduct of his trial attorney in allegedly withholding evidence that Harris claims would have led the jury to decide in his favor. Because all dispositive issues are clearly settled in the law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## I. FACTUAL & PROCEDURAL BACKGROUND

On or about December 8, 2007, Haliburton and Harris were passengers on a DART bus driven by Napoleon Baines that collided with an automobile driven by Gibson. Haliburton sued Gibson for negligence. Harris intervened alleging he was injured by Gibson's negligence in changing lanes when conditions were unsafe and colliding with the DART bus. After Haliburton filed suit against Gibson, but before Harris filed his plea in intervention, Gibson and Haliburton agreed to designate Baines and DART as responsible third parties pursuant to section 33.004(a) of the Texas Civil Practice and Remedy Code. After a one-day trial, the trial court submitted a charge that included a question to the jury that asked whether "the negligence, if any, of [Gibson or Baines] proximately cause[d] the occurrence in question." The jury responded "no" respecting both Gibson and Baines.

After trial, Harris's trial counsel was granted leave to withdraw. Harris proceeded pro se filing post-judgment motions, which were denied. A final judgment was rendered stating that Haliburton and Harris take nothing.

## II. JURY CHARGE & SUFFICIENCY OF THE EVIDENCE

### A. Standard of Review & Applicable Law

"When a party challenges the legal sufficiency of an adverse finding on which he had the burden of proof, he must demonstrate on appeal that the evidence conclusively established the

–2–

facts in his favor as a matter of law." *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 807 (Tex. App.—Dallas 2011, no pet.) (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001)). "We first examine the record for evidence to support the finding." *Id.* (citing *Dow Chem. Co.,* 46 S.W.3d at 241). "If there is no evidence to support the finding, we then examine the entire record to determine if the contrary position is established as a matter of law." *Id.* (citing *Dow Chem. Co.,* 46 S.W.3d at 241). "We indulge every reasonable inference to support the judgment, crediting favorable evidence if a reasonable fact-finder could and disregarding contrary evidence unless a reasonable fact-finder could not." *Id.* (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 807, 822 (Tex. 2005)).

"'When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence.'" *Benavente v. Granger*, 312 S.W.3d 745, 748 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *Dow Chem. Co.*, 46 S.W.3d at 242). "In reviewing a challenge that a finding is against the great weight and preponderance of the evidence, we consider and weigh all of the evidence and may set aside the verdict only if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.* (citing *Dow Chem. Co.*, 46 S.W.3d at 242; *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986)). "A jury may believe one witness and disbelieve another, and it may resolve inconsistencies in any witness's testimony." *Id.* (citing *Eberle v. Adams,* 73 S.W.3d 322, 327 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).

### B. Application of Law to Facts

#### *1. Negligence Per Se Instructions*

As an initial matter, we address Harris's contention that the trial court erred in failing to include negligence per se instructions in the jury charge. Harris made no request to include an

instruction on negligence per se. Accordingly, that complaint is waived on appeal. *See Fish v. Dallas Indep. Sch. Dist.*, 170 S.W.3d 226, 230 (Tex. App.—Dallas 2005, pet. denied) ("Any complaint to a jury charge is waived unless specifically included in an objection. A party must make the trial court aware of the complaint, timely and plainly, and obtain a ruling.") (citing TEX. R. CIV. P. 274; TEX. R. APP. P. 33.1(a); *In re B.R.D.*, 113 S.W.3d 340, 349 (Tex. 2003)).

## 2. Legal & Factual Sufficiency

Next, we address Harris's contentions as to the sufficiency of the evidence. The only question the jury answered was question number one, which asked, "Did the negligence, if any, of the persons named below proximately cause the occurrence in question?" Harris argues the trial court erred by denying his motions for judgment notwithstanding the verdict, for new trial, and to reconsider because "the evidence in this case clearly and convincingly dictate that appellant is entitled to recovery as a matter of law." Gibson responds the jury's finding was supported by legally and factually sufficient evidence.

The record includes testimony regarding the conduct of both Baines and Gibson. Baines testified the bus he drove "was in full possession of the lane that [he] was in" prior to the accident when Gibson's car "turns like it's going to make a u-turn but he turns right into the side of [Baines's] bus." In Baines's opinion, the car's movement was unreasonable "because if you make that turn you're going to be going–you're going to be going on the wrong way back up the freeway back into the traffic that's going–that's coming southbound." Baines claimed the collision caused damage to "[t]he front, the grill all of that in the front" of Gibson's car.

Haliburton asserted he was a passenger on the bus and "didn't see the accident," although he did feel "the movement of the vehicles." He stated he "rode that bus several times coming from work to downtown," the location of the accident is normally where the bus merges into the right-hand lane, and he thought the bus was merging into the right-hand lane when the collision

occurred. Harris testified he was also a passenger on the bus and was asleep when the bus and Gibson's car collided. On cross-examination, Harris stated he did not know what Gibson did to cause or contribute to the accident.

Gibson testified that shortly before the collision, he "check[ed] [his] left, beg[an] to merge, [saw] a bus, notice[d] the bus [was] coming, you know, trying to merge this way, slam[med] on the brakes, [and] turn[ed] to the right." He disagreed with Baines's testimony that the bus had full possession of its lane when the vehicles collided. Instead, he agreed with Haliburton that the bus was merging to the right when the vehicles collided. However, Gibson stated he could not "speak to how correctly or not the bus driver drove." He testified that he could "only speak to [his] actions . . . [which he] felt were responsible and responsive." Gibson stated he "avoided the accident to the best of [his] ability" once he saw the bus moving into Gibson's lane. As to the damage to his car, Gibson stated "the only damage [was] on the left front bumper . . . where the bus had scraped the side of it." Also, Gibson said he was not intending to make a u-turn as suggested by Baines.

The record also contains a DART police report, which consisted of a diagram of the accident and a form completed by an investigator. The report identifies Gibson's car as "Unit #1" and the bus driven by Baines as "Unit #2."

> Units #1 and #2 both traveling southbound . . . . Unit #1 traveling in the 2nd traffic lane. Unit #2 traveling in the 3rd traffic lane. Unit #2 while still in the 3rd traffic lane started to pass unit #1. Unit #1 driver then attempted to change lanes and collided with unit #2.

Both Gibson and Baines disputed the accuracy of the diagram of the accident included in the report and agreed the diagram showed the vehicles colliding at a different location from where the accident took place. The opinion of the investigator as expressed in the report was that Unit #1 "changed lane when unsafe," which contributed to the collision. Gibson disputed that he

entered the lane the bus occupied. Also, he testified he "didn't get a citation" and the DART police "didn't give [him] a ticket."

"When reviewing both the legal and factual sufficiency of the evidence, we are mindful that the jury, as fact finder, was the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 505-06 (Tex. App.—Dallas 2013, no pet.) (citing *City of Keller,* 168 S.W.3d at 819). "We may not substitute our judgment for the fact-finder's, even if we would reach a different answer on the evidence." *Id.* at 506 (citing *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998)).

The evidence is in conflict as to Gibson's conduct. Baines's testimony and the DART police report constitute some evidence that Gibson's negligence proximately caused the collision. However, Gibson's testimony is some evidence he did not act negligently. Because there is some evidence to support the jury's answer Gibson was not negligent, we cannot agree with Harris that Gibson's negligence was conclusively proven as a matter of law. *See Hunter*, 339 S.W.3d at 807. Further, after considering and weighing all the evidence, including that detailed above, we cannot conclude the jury's finding that Gibson was not negligent was against the great weight and preponderance of the evidence. *See Benavente*, 312 S.W.3d at 748. Accordingly, we decide against Harris's legal- and factual-sufficiency challenges to the jury's finding.

### III. RECOVERY OF DAMAGES & ATTORNEY CONDUCT

Harris asserts he is "entitled to recovery of damages and compensation for pain and suffering, medical expenses pursuant to the Tex. Civil Practice and Remedy Code section: 33.001-17, 41.001-11." We have decided against Harris on his sufficiency complaints respecting whether Gibson's negligence proximately caused the collision have no merit. Therefore, we need

not address that argument. *See Schindler v. Baumann*, 272 S.W.3d 793, 795-96 (Tex. App.—Dallas 2008, no pet.) ("To prevail on their negligence claim, appellants must establish [appellee] breached a legal duty proximately resulting in appellants' damages.") (citing *Praesel v. Johnson,* 967 S.W.2d 391, 394 (Tex. 1998)).

Additionally, in support of what Harris styles in his brief as a "motion to vacate," he complains that "his attorney at trial knowingly and recklessly withheld evidence from trial that would have led the jury to conclude appellant was entitled to judgment as a matter of law." He contends that somehow certain records were introduced into evidence by the defense, rather than by his trial attorney. Harris claims this was a violation of ethical standards. However, he does not explain the ethical standard allegedly violated or cite authority to support his contention that "[t]he gross misconduct of [his] trial attorney irreparably damaged [his] only avenue of recourse for his injuries, this (sic) making a new trial the only option to achieve fairness and justice." Accordingly, nothing is presented for our review. *See Drum v. Calhoun*, 299 S.W.3d 360, 370 (concluding appellant's issue not sufficiently presented for appellate review when appellant did "not provide any citations to applicable authority to support his argument") (citing TEX. R. APP. P. 38.1(i)).

## IV. CONCLUSION

The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

111367F.P05

–7–



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

JULIUS C. HARRIS, Appellant

No. 05-11-01367-CV          V.

STEVEN M. GIBSON, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-08-05455-E.
Opinion delivered by Justice Lang.   Justices
Myers and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee STEVEN M. GIBSON recover his costs of this appeal
from appellant JULIUS C. HARRIS.

Judgment entered this 26th day of August, 2013.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE