**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00063-CV**
_____

**DEANN MARLETT, Appellant**

**V.**

**DONALD MOYER, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 16-08-08755-CV**

## MEMORANDUM OPINION

Deann Marlett appeals from the take-nothing judgment in a case the parties tried to a jury. The trial court signed a judgment based on the jury's verdict after the jury failed to find the defendant's negligence proximately caused the defendant's truck to collide with Marlett's SUV. In one issue, Marlett argues the evidence overwhelmingly shows Donald Moyer's negligence caused the collision. Because the evidence allowed the jurors to decide that Marlett failed to meet her burden of proof, we affirm.

Background

As Moyer approached an intersection controlled by a traffic light, he struck Marlett's SUV. The collision occurred on FM 1488 where it intersects with Spur 149 in Montgomery County. Marlett and Moyer were the only eyewitnesses to the collision who testified in the trial. Their respective accounts describing what happened are not entirely consistent.

Marlett testified that, just before the collision occurred, she was eastbound on FM 1488. As Marlett approached the intersection between FM 1488 and Spur 149, she saw the traffic light turn red. According to Marlett, she brought her SUV to a stop. A short time later, she stated, Moyer's truck rear-ended her SUV. According to Marlett, Moyer apologized to her at the scene. Marlett testified she did not enter the intersection before stopping her SUV. Marlett also testified the roadways were wet the day the collision occurred.

Unlike Marlett, Moyer testified that Marlett entered the intersection before stopping her SUV. According to Moyer, he was eastbound on FM 1488 and driving with the other traffic on the roadway at around forty miles per hour while approaching the intersection at Spur 149. Moyer testified:

> As we were approaching the 149 Spur, we were in—we were in a pack, I mean, a group of cars, and the light—I mean, the light's right there. I watched it turn from green to yellow, so it was a fresh yellow light. Mrs.

Marlett crossed the [stop line,] entered the intersection and then braked very hard. I did strike the rear of her vehicle. I got out and I apologized to her. And I said, you know, I braked as hard as I could, but my tires just slid.

About five minutes after the collision occurred, Jason Campbell, a State Trooper, came to the scene. He spoke to Marlett and Moyer while he was there. Moyer admitted Campbell told him he was going to issue Moyer a ticket for failing to control his speed. Moyer testified he disagreed with Campbell's claim he should be ticketed, explaining that Campbell failed to ask him for any details about the wreck or to explain what, from Moyer's standpoint, caused the collision to occur. Campbell was not called to testify in the trial. And while Marlett offered the police report into evidence, the copy she offered is blank in the area where investigating officers usually describe how collisions occur.[1]

Before the attorneys presented their closing arguments, the trial court read the charge. The charge contains the instructions, definitions, and the questions the jury needed to answer to reach a verdict. One of the questions in the charge asked the jury to decide whether Moyer's negligence proximately caused the collision. The

---

[1]The trial court resolved objections to the exhibits in a pretrial proceeding. During that hearing, Moyer objected when Marlett advised the trial court that she intended to introduce an unredacted copy of the police report into evidence during the trial. Moyer argued that to the extent the report contained information that contained the officer's opinions about the collision, those sections were inadmissible. To cure Moyer's complaint about admitting the report, Marlett agreed to redact the officer's opinions from it before offering it into evidence in the trial.

3

jury answered that question "No[.]" Based on that finding, the trial court signed a judgment several weeks after the trial and ordered that Marlett recover nothing from Moyer on her claims. In response to the take-nothing judgment, Marlett moved for a new trial. In her motion, she argued the jury's verdict was contrary to the greater weight and preponderance of the evidence. The trial court denied the motion and Marlett filed an appeal.

Standard of Review

In a single issue, Marlett contends the jury's finding that Moyer was not negligent is contrary to the overwhelming great weight of the evidence the jury was asked to consider in the trial. "When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence."[2] In a factual sufficiency review, we "must consider and weigh all of the evidence, and can set aside a verdict only if the evidence is so weak or if the findings is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust."[3] Of course, we recognize the fact that the jurors that heard the case "are the sole judges of the credibility of the witnesses and the weight to give their testimony.[4] In discharging their duties as jurors, the jury

[2]*Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001).
[3]*Id.*
[4]*City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005).

4

may "choose to believe one witness and disbelieve another."[5] In reviewing the evidence, we "cannot impose [our] own opinions to the contrary."[6] And here, the jury's verdict rejecting Marlett's negligence claim does not mean the jury found that Moyer was not negligent. Instead, the jury's finding of "No" on the issue that it answered means the jury decided that Marlett failed to carry her burden of proving Moyer's negligence proximately caused the collision to occur.[7] Stated another way, a jury's answer of "No" need not be supported by the preponderance of the evidence or be supported by affirmative evidence showing no negligence occurred since imposing that standard would improperly shift the burden of proof away from the party that had it in the trial.[8]

## Analysis

Under Texas law, a defendant in an auto-collision case is not strictly liable for causing a collision merely because the defendant's vehicle struck the plaintiff's vehicle from the rear.[9] Instead, the plaintiff must prove the defendant's negligence

---

[5]*Id.*

[6]*Id.*

[7]*See Hebert v. Hebert*, 754 S.W.2d 141, 144 (Tex. 1988) ("[C]ourts of appeals are not entitled to reverse merely because they conclude that the evidence preponderates toward an affirmative answer.").

[8]*See In re E.I. duPont de Nemours & Co.*, 463 S.W.3d 80, 85 (Tex. App.—Beaumont 2015) (orig. proceeding) (citing *Clophus v. General Motors Corp.*, 769 S.W.2d 669, 670 (Tex. App.—Houston [14th Dist.] 1989, no writ)).

[9]*See Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.) ("[T]he mere occurrence of a rear-end collision does not establish negligence as a matter of law.").

caused the collision, and not merely prove the defendant caused the collision. The trial court provided the jury with several instructions to follow in reaching its verdict, including *ordinary care*, *negligence*, and *proximate cause*. The charge defined these terms as follows:

> "Ordinary Care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.
>
> "Negligence" means the failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
>
> "Proximate Cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

Since no one objected in the trial to these definitions, we measure the evidence the jury considered against these definitions to evaluate whether the evidence in the trial shows the jury's verdict is clearly wrong and unjust.[10]

At trial, the evidence conflicted on whether Moyer was negligent. Moyer's testimony indicates he was traveling with other traffic while approaching the intersection where the collision occurred. He testified, and the jury was entitled to

---

[10]*See City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 71 (Tex. 2000) (explaining that appellate courts are bound to review evidence in light of unobjected-to definitions submitted to jury).

6

believe, that Moyer was traveling at around ten miles per hour below the posted speed. The evidence before the jury fails to show the distance between Moyer's truck and Marlett's SUV when Moyer first saw and reacted to the brake lights on Marlett's SUV. There is also no testimony describing whether Moyer's and Marlett's vehicles left skid marks on the roadway, and if so, their length. There is also no testimony from any expert witnesses describing whether a driver exercising ordinary care could have brought a truck to a stop given the traffic conditions on the road the day the collision occurred.

Here, we must assume the jury chose to believe the account Moyer provided regarding the collision.[11] A reasonable jury could view Moyer's speed, given the conditions, as reasonable and could also reasonably attribute Moyer's failure to stop to the timing of the change of the light and to the wet conditions of the road, conditions that, according to Moyer, caused his truck to skid. Marlett also notes that Moyer apologized to her at the scene. She argues this is evidence the jury could not ignore. We agree the jury had no choice but to believe Moyer apologized given that the evidence conclusively proves he apologized to her at the scene. Yet, the jury did not have to view the apology as an admission of negligence. Instead, the jury could view Moyer's apology as an expression of remorse over hitting her SUV without

---

[11]*See City of Keller*, 168 S.W.3d at 819 ("Jurors are the sole judges of the witnesses and the weight to give their testimony. They may choose to believe one witness and disbelieve another.").

viewing it as an admission that he negligently struck her SUV from the rear due to a lack of ordinary care.[12]

So the question is whether reasonable humans could answer "No" when asked whether Marlett proved Moyer's negligence caused the collision.[13] We conclude the jurors could reasonably have done so by finding the preponderance of the credible evidence did not support an answer of "Yes."

Conclusion

We are not persuaded that reasonable jurors could not have found from the evidence that Marlett failed to meet her burden of proving that Moyer's negligence caused the collision. We overrule Marlett's sole issue. Accordingly, the trial court's judgment is

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on August 17, 2020
Opinion Delivered March 25, 2021

Before Kreger, Horton and Johnson, JJ.

---

[12]*See Mendoza v. Fidelity & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980) (noting that judicial admissions are formal waivers of proof usually found in pleadings or stipulations).
[13]*Id.*

8