

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00076-CV
_____

KATHY ROBERTS, Appellant

V.

MICHAEL STAPLES, Appellee

On Appeal from the 62nd District Court
Lamar County, Texas
Trial Court No. 88512

Before Morriss, C.J., Stevens and Carter,* JJ.
Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

# OPINION

After Kathy Roberts was rear-ended by Michael Staples while she was stopped at a red light, she sued Staples for negligence. Even though Staples admitted fault at trial, a Lamar County jury did not find that Staples's negligence, if any, proximately caused the accident. As a result, the trial court entered a take-nothing judgment against Roberts.

On appeal, Roberts challenges the trial court's denials of her motion for judgment notwithstanding the verdict and motion for new trial. Because we find no error in the denial of Roberts's motions, we affirm the trial court's judgment.

## I.      Factual and Procedural Background

Staples, who was twenty-two at the time of the accident, admitted at trial that his actions caused the collision. He testified that he saw Roberts's vehicle stopped at an intersection and came to a full stop behind her. Staples said that he leaned over into his passenger seat to get something, unintentionally took his foot off the brake, felt his truck rolling forward, and "went to push the brake down and hit the accelerator instead." Staples testified that he did not usually put his truck into park while stopped at a red light, but that doing so would have prevented the accident. He admitted that the crash put a dent in his bumper and damaged Roberts's car to the point that her trunk would not close. Staples agreed that he fell short of what could be considered as safe driving but reiterated that he had unintentionally hit the accelerator.

Roberts said that both she and Staples were shaken by the accident. Staples said Roberts informed him that she had a jammed finger, but otherwise believed she had no other injuries. Roberts testified that, even though she only believed that her finger was injured at the scene of

the accident,[1] she was so sore the next morning that she could not even get out of bed. It is undisputed that no police report was filed, and Roberts testified that an officer said that "they didn't have to come out if no one was hurt." Even so, Roberts, who was sixty-five at trial, testified that she experienced pain in her back, neck, and legs and numbness in her hands and feet after she had left the scene of the accident.

Before the accident, Roberts was under the care of a neurologist and was taking Gabapentin. Roberts testified that she did not have medical insurance but went to a chiropractor after speaking with her attorney, attended a few appointments beginning one month after the accident, and stopped seeing the chiropractor for three or four months because she was feeling better. Roberts said that she returned to the chiropractor when the pain later returned but that chiropractic treatment did not help her. She testified that she received spinal injections after an MRI revealed that she had dislocated five discs in her spine but had an allergic reaction to the injected steroids. Roberts testified that, prior to the accident, she had never experienced the pain she felt after the accident. No medical records or medical testimony was introduced by Roberts.

Considering Staples's testimony on fault, Roberts moved for a directed verdict on the issue of liability, but the trial court denied the motion. The jury was charged in the following manner:

> "Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.
>
> . . . .

---

[1] Roberts testified that she was not seeking any recovery for injury to her fingers because they had healed.

> "Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.
>
> "Proximate cause" means that cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the event, or similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

When asked, "Did the negligence, if any, of Michael Staples, proximately cause the occurrence in question," the jury answered, "No." Roberts filed a motion for judgment notwithstanding the verdict and a motion for new trial. Both were denied.

## II. The Trial Court's Denial of the Motion for Judgment Notwithstanding the Verdict Was Proper

"The standard of review for a trial court's denial of a motion for judgment notwithstanding the verdict is to determine whether the evidence conclusively proves a fact that establishes a party's right to a judgment as a matter of law." *Great N. Energy, Inc. v. Circle Ridge Prod., Inc.*, 528 S.W.3d 644, 675 (Tex. App.—Texarkana 2017, pet. denied) (citing *Isaacs v. Bishop*, 249 S.W.3d 100, 106 n.4 (Tex. App.—Texarkana 2008, pet. denied) (citing *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991))). "If so, then the trial court erred in denying the motion for judgment notwithstanding the verdict." *Id.* (quoting *Isaacs*, 249 S.W.3d at 106 n.4).

"On review, we consider the evidence and inferences tending to support the trial court's decision and disregard evidence and inferences to the contrary." *Id.* (citing *Isaacs*, 249 S.W.3d at 106 n.4 (citing *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002))).

"Judgment without or against a jury verdict is proper at any course of the proceedings only when the law does not allow reasonable jurors to decide otherwise." *Id.* (quoting *Isaacs*, 249 S.W.3d at 106 n.4). "Accordingly, the test for legal sufficiency is the same for directed verdicts and judgments notwithstanding the verdict." *Id.* (quoting *Isaacs*, 249 S.W.3d at 106 n.4) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). "We view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Id.* (quoting *Isaacs*, 249 S.W.3d at 106 n.4). "We are not a fact-finder and may not pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact." *Id.* (quoting *Isaacs*, 249 S.W.3d at 106 n.4).

Roberts argues that Staples's own testimony and Section 525.062 of the Texas Transportation Code, which requires drivers to maintain a safe distance from other vehicles, established that Staples "followed too closely behind Ms. Roberts" and breached his duty of reasonable care under the circumstances. Roberts also argues that Staples was negligent as a matter of law when Staples took his foot off the brake, failed to put his vehicle in park, and accidentally hit the accelerator instead of the brake. Because a violation of Section 525.062 does not establish negligence per se and the record did not conclusively prove that Roberts was entitled to judgment as a matter of law, we find that the trial court properly denied the motion for judgment notwithstanding the verdict.

"The elements of a negligence claim are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach." *Lee v. Carmona*, No. 02-16-00443-CV, 2018 WL 1192240, at *1 (Tex. App.—Fort Worth Mar. 8, 2018, no pet.) (mem. op.)

(citing *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (per curiam)). The jury was charged with the definitions of negligence, ordinary care, and proximate cause, and "[w]e evaluate the evidence presented at trial in light of these definitions." *Campbell v. Perez*, No. 02-14-00248-CV, 2015 WL 1020842, at *2 (Tex. App.—Fort Worth Mar. 5, 2015, no pet.) (mem. op.) (citing *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 71 (Tex. 2000)).

Roberts argues that Staples's testimony conclusively established a violation of the Texas Transportation Code. Even so, since resolution of whether a person exercised ordinary or reasonable care is a fact question, "[a] statute that requires a driver proceed safely imposes on the driver a duty of reasonable care, thus precluding a negligence per se instruction." *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (quoting *La.-Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex. 1998) (per curiam)). "Likewise, a breach of section 545.062 does not constitute negligence per se." *Id.* (quoting *Knighten*, 976 S.W.2d at 675 & n.1 ("construing substantively same language in predecessor statute in article 6701d, section 61(a) of former Texas Revised Civil Statutes")); *see Bibai v. Nguyen*, No. 01-07-00138-CV, 2007 WL 4099526, at *2 (Tex. App.—Houston [1st Dist.] Nov. 15, 2007, no pet.) (mem. op.) ("[T]he supreme court [in *Knighton*] has held that a breach of section 545.062 does not constitute negligence per se."). Simply put, "Section 545.062 imposes on the driver the same duty of reasonable care as that imposed under the common law." *Benavente*, 312 S.W.3d at 749 (citing *Knighten*, 976 S.W.2d at 675 & n.1).

"Under common law, the mere occurrence of a rear-end collision does not establish negligence as a matter of law." *Id.* (citing *Jordan v. Sava, Inc.*, 222 S.W.3d 840, 850 (Tex.

App.—Houston [1st Dist.] 2007, no pet.)); *see Lee*, 2018 WL 1192240, at *2 ("It is well established that the mere occurrence of a rear-end collision may be some evidence of negligence, but it is not negligence as a matter of law."). Instead, "[t]he plaintiff must prove specific acts of negligence on the part of the defendant driver and must prove proximate cause." *Benavente*, 312 S.W.3d at 749. "With regard to rear-end collisions, 'standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts.'" *Id.* (quoting *Neese v. Dietz*, 845 S.W.2d 311, 314 (Tex. App.—Houston [1st Dist.] 1992, writ denied)). "Whether the plaintiff has succeeded in proving negligence by a preponderance of the evidence is within the jury's province to determine." *Lee*, 2018 WL 1192240, at *2; *see Briones v. Sharkey*, No. 04-11-00584-CV, 2012 WL 3776488, at *6 (Tex. App.—San Antonio Aug. 31, 2012, no pet.) (mem. op.).

Even though the Texas Transportation Code and the fact of the rear-end collision do not establish negligence as a matter of law, Roberts argues that Staples's admissions do. "Quasi-admissions (a party's testimonial declarations that are contrary to his position) are merely some evidence; they are not conclusive." *Lee*, 2018 WL 1192240, at *2 (citing *Campbell*, 2015 WL 1020842, at *2 (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). In *Campbell*, while looking to the left but moving forward, a driver rear-ended the plaintiff after they were both stopped at an intersection. *Campbell*, 2015 WL 1020842, at *2–3. The driver testified that the wreck was his fault, that the plaintiff did nothing to contribute to the wreck, that a reasonable person would have kept his car stopped until it was safe to go, and that a reasonable and prudent person would not have moved their car without looking ahead. *Id.* Even

so, the Fort Worth Court of Appeals found that the driver's statements constituted testimony establishing the rear-end collision and admissions of fault but did not establish negligence as a matter of law.

Here, Staples's admission of fault, descriptions of how the accident occurred, and testimony about what he could have done differently, including putting the car in park after he came to a full stop, "may be some evidence that what []he did do constituted negligence, [but] it does not establish negligence as a matter of law" in light of his testimony that he hit the accelerator by accident. *Vigil v. Kirkland*, No. 02-16-00147-CV, 2017 WL 2471091, at *4 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.) (citing *Campbell*, 2015 WL 1020842, at *2); *see Bibai*, 2007 WL 4099526, at *3 (negligence was not established as a matter of law where driver testified he rear-ended a vehicle when his "foot slipped off of the brake and touched the accelerator"). Staples's testimony established fact questions that were "'particularly within the province of the jury' and [can] be disregarded only in exceptional circumstances" not found here. *Garcia v. Workman*, No. 07-01-0169-CV, 2002 WL 215508, at *2 (Tex. App.—Amarillo Feb. 12, 2002, no pet.) (quoting *Browning Ferris, Inc. v. Hobson*, 967 S.W.2d 543, 546 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)) (finding that evidence that driver rear-ended a vehicle after they were both stopped at an intersection when the driver's foot slipped off the pedal and hit the accelerator involved a fact-question for the jury).

Because the evidence at trial, when viewed in the light most favorable to the verdict, established the existence of a fact question for the jury to resolve, we conclude that Roberts did not conclusively prove that Staples's negligence, if any, was a proximate cause of the

occurrence. As a result, we conclude that the trial court properly denied Roberts's motion for judgment notwithstanding the verdict. We overrule Roberts's first point of error.

## III.  The Trial Court Did Not Abuse Its Discretion by Denying the Motion for New Trial

Next, Roberts argues that, because Staples's testimony established a breach of the standard of care as a matter of law, the jury's answer of zero damages was manifestly unjust considering Roberts's testimony about her injuries, and as a result, the trial court should have granted Roberts a new trial. "We review a trial court's denial of a motion for new trial under an abuse of discretion standard." *Storck v. Tres Lagos Prop. Owners Ass'n, Inc.*, 442 S.W.3d 730, 741 (Tex. App.—Texarkana 2014, pet. denied) (citing *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam)). The trial court's decision may not be overturned unless it "acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles." *Id.* at 741–42 (quoting *El Dorado Motors, Inc. v. Koch*, 168 S.W.3d 360, 368 (Tex. App.—Dallas 2005, no pet.) (citing *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991))). In our review, every reasonable presumption is indulged in favor of the trial court's ruling. *Id.* at 742 (citing *El Dorado Motors, Inc.*, 168 S.W.3d at 368).

Roberts filed a motion for new trial challenging the factual sufficiency of the evidence supporting the jury's finding that Staples's negligence did not proximately cause the accident. "When a party attacks the factual sufficiency of an adverse finding on an issue on which she has the burden of proof, she must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). We "must consider and weigh all of the evidence, and can set aside a

verdict only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust." *Id.* (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)). The jury is the sole judge of the credibility of the witnesses and may credit one witness over another. *City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005). We assume the jury resolved conflicts in the evidence in a manner consistent with its verdict. *Id.* at 820.

In his brief, Roberts argues that, because she conclusively proved that Staples was negligent, the jury's finding of no negligence was against the great weight and preponderance of the evidence. As previously explained, Roberts did not conclusively prove negligence as a matter of law. Also, the trial court could have found that existing caselaw supports the conclusion that a jury's finding of no negligence is not so against the great weight and preponderance of the evidence that it is clearly wrong and unjust when a driver testifies that he rear-ended a vehicle after accidentally hitting the accelerator.

In *Lee v. Carmona*, the driver applied his brakes "a little bit" to ensure that he kept a safe distance from the plaintiff's vehicle. *Lee*, 2018 WL 1192240, at *1, *4. After stopping, the driver reached down to grab his glasses, saw that he was about to hit the plaintiff, and was unable to apply his brakes in time to avoid a collision. *Id.* Then, after his airbag deployed, the driver attempted to apply his brakes again, but accidentally hit the accelerator, causing another impact. *Id.* The police arrived but did not ticket anyone. *Id.* On those facts, the Fort Worth Court of Appeals found that the "jury's determination that no specific act by [driver] constituted the failure to use ordinary care—that is, the failure to do, or the doing of, that which a person of

ordinary prudence would or would not have done under the same or similar circumstances" was not so against the great weight and preponderance of the evidence that it was clearly wrong and unjust. *Id.* at *4; *see Vigil v. Kirkland*, No. 02-16-00147-CV, 2017 WL 2471091, at *1 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.) (concluding evidence factually sufficient to support a finding of no negligence even though driver rear-ended plaintiff after she took her eyes off the road). In *Bibai v. Nguyen*, the Houston Court of Appeals concluded that a finding of no negligence was not so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust where the driver had come to a complete stop behind the plaintiff but rear-ended the plaintiff after his "foot slipped off of the brake and onto the accelerator." *Bibai*, 2007 WL 4099526, at *1; *see Garcia*, 2002 WL 215508, at *2. Even in rear-end collision cases where the driver admits fault, "[w]hether the plaintiff has succeeded in proving negligence by a preponderance of the evidence is within the jury's province to determine," and jury findings of no negligence are rarely disturbed. *Lee*, 2018 WL 1192240, at *2 (citing *Vigil*, 2017 WL 2471091, at *2; *Campbell*, 2015 WL 1020842, at *4); *see Benavente*, 312 S.W.3d at 749.

Here, Staples testified that he came to a complete stop behind Roberts. Staples said that, although he did not lift his foot off the brake, his foot came off the brake as he reached into the passenger seat to grab something. When he realized what happened, Staples attempted to apply his brakes, but accidentally hit the accelerator. There was no police report. In light of the cases cited in the preceding paragraph, we cannot say that the trial court acted unreasonably or without reference to guiding rules or principles when it concluded that the facts of this case, when

viewed in the light most favorable to the verdict, were factually sufficient for the jury to have found either that Staples did not fail to use ordinary care or that a person using ordinary care would not have foreseen that the event or a similar event might reasonably result. As a result, we do not find that the trial court abused its discretion in denying Roberts's motion for a new trial.

Also, Roberts was required to prove damages proximately caused by a breach of the standard of care. In her motion for new trial and on appeal, Roberts argued that the award of zero dollars in damages was against the great weight and preponderance of the evidence. We find no abuse of discretion in the trial court's decision to deny the motion because the jury did not answer the damage question since it found that Staples was not negligent. Also, the trial court could have denied the motion for new trial on the damage issue because there was evidence that Roberts only claimed an injury to her finger at the scene but informed the jury that she was seeking no damages for any finger injury.

Roberts testified that the police told her no report was needed unless someone was hurt, and there was no police report. Because Staples testified that Roberts said she was okay at the scene of the accident, the jury was free to disbelieve Roberts's testimony that injuries to her back, neck, legs, and feet were caused by the accident, as opposed to her age or pre-existing conditions that were being treated by a neurologist before the accident. The jury also heard that Roberts did not receive medical treatment until one month after the accident, and no medical records, medical bills, or medical testimony establishing that the accident was the cause of Roberts's claimed injuries was presented to the jury. On these facts, we cannot say that the trial

court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles, by denying the motion for a new trial on the issue of damages.

We find that the trial court did not abuse its discretion by denying Roberts's motion for a new trial. As a result, we overrule her last point of error.

## IV. Conclusion

We affirm the trial court's judgment.

Scott E. Stevens
Justice

Date Submitted:     February 23, 2022
Date Decided:       March 18, 2022