

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00096-CV

Alicia Lynette **CASTILLO**,
Appellant

v.

Laura Torres **CAMOU**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2021CVA001501 D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Irene Rios, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: June 24, 2026

AFFIRMED

In a single issue, appellant Alicia Lynette Castillo argues the trial court erred in granting appellee Laura Torres Camou's motion for a directed verdict on liability arising from Camou's lawsuit involving a motor vehicle collision. We affirm.

### BACKGROUND

Castillo and Camou were involved in a motor vehicle accident wherein it is undisputed that Castillo's car struck the back of Camou's car. Camou filed a personal injury lawsuit claiming

Castillo negligently caused the collision and seeking damages for injuries sustained from the accident.

Following the close of evidence, Camou sought a directed verdict on liability, asserting Castillo admitted she did not act as a reasonably prudent driver under the circumstances. The trial court agreed and granted Camou a directed verdict on liability, leaving the jury to determine the amount of damages to award Camou, if any. The jury awarded Camou $219,714.89 in damages. The trial court rendered its final judgment confirming the jury's damages award as well as ordering Castillo to pay prejudgment and post-judgment interest and court costs to Camou. Castillo filed a motion for new trial; following a hearing, the trial court denied Castillo's motion. Castillo appeals.

## STANDARD OF REVIEW

A directed verdict is proper only under limited circumstances: (1) when the evidence is insufficient to raise a fact issue or (2) when the evidence conclusively establishes the movant's right—or conclusively negates the opponent's right—to judgment. *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000); *see also Ray v. McFarland*, 97 S.W.3d 728, 729–30 (Tex. App.—Fort Worth 2003, no pet.). This court "review[s] a trial court's grant of [a] directed verdict de novo, using the legal sufficiency standard appellate courts apply to no-evidence summary judgments." *City of Baytown v. Schrock*, 645 S.W.3d 174, 178 (Tex. 2022) (footnote omitted).

Like in this case, when a party moves for a directed verdict on an issue on which it bore the burden of proof, the moving party must demonstrate that the trial evidence conclusively proved the matter at issue. *See Ginn v. Pierce*, 595 S.W.3d 762, 766 (Tex. App.—Houston [14th Dist.] 2019, pet. denied). Evidence conclusively establishes a fact when the evidence leaves "no room for ordinary minds to differ as to the conclusion to be drawn from it." *Int'l Bus. Mach.*

*Corp. v. Lufkin Indus., LLC*, 573 S.W.3d 224, 235 (Tex. 2019). In determining this issue, we consider the evidence in the light most favorable to Castillo and indulge every reasonable inference in Castillo's favor. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005); *see S.V. v. R.V.*, 933 S.W.2d 1, 8 (Tex. 1996) (stating that in reviewing a directed verdict, the court examines evidence in the light most favorable to the person suffering an adverse judgment). We must credit favorable evidence if a reasonable factfinder could and disregard contrary evidence unless a reasonable factfinder could not. *See City of Keller*, 168 S.W.3d at 827. We must determine whether the evidence at trial would allow reasonable and fair-minded people to find the evidence did not prove that Castillo was negligent or that Castillo's negligence proximately caused the accident. *See id*. We must defer to the factfinder's judgment as to the credibility of the witnesses and the weight to give their testimony. *See id*. at 819.

## APPLICABLE LAW

To prevail on a negligence claim, a party must prove "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Tenaris Bay City Inc. v. Ellisor*, 718 S.W.3d 193, 197 (Tex. 2025) (citation omitted). Negligence means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances. *Douglas v. Aguilar*, 599 S.W.3d 105, 109 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (citing *20801, Inc. v. Parker*, 249 S.W.3d 392, 398 (Tex. 2008)). Here, Camou as plaintiff had the burden to prove that Castillo was negligent and that her negligence proximately caused the accident. *See Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

The mere occurrence of a rear-end collision may be some evidence of negligence, but it is not conclusive evidence of negligence. *Id*. "The plaintiff must prove specific acts of negligence on the part of the defendant driver and must prove proximate cause." *Id*.

## APPLICABLE FACTS

The evidence is undisputed that Camou was stopped or almost stopped at a light at an intersection when Castillo hit her from behind. The posted speed limit was 30 miles per hour. The accident occurred on a sunny, clear day, and the road surface was dry.

Beginning with opening statements and continuing through her testimony, Castillo accepted responsibility for colliding with Camou's car. Specifically, Castillo began by acknowledging the basic rules of the road for safe driving and how they apply to her and other drivers. Castillo described the accident, including that she was traveling slightly above the speed limit at thirty-two miles per hour. Castillo affirmed she failed to follow the rules of the road for safe driving, such as keeping a proper lookout, maintaining a safe distance between her car and the cars in front of her, and controlling the speed of her vehicle. She also specifically acknowledged she did not act as a reasonably prudent driver would in the same circumstances. To add, Castillo agreed that if she had followed the safe driving rules, including controlling her speed, the accident would have been avoided. She also attributed no wrongdoing to Camou.

In providing more details regarding the accident, Castillo testified that as she drove toward the intersection the airbag lights—one on her dash, another to the right of the steering wheel, and a third on the passenger side of the car—became illuminated, catching her attention. Castillo stated she did look up at the road but admitted most of her attention was drawn downward to the airbag lights. Castillo added that the airbag lights scared her because she was afraid the airbags were going to deploy. Initially, Castillo recalled not applying the brakes despite being distracted by the

airbag lights and worried the airbags would deploy. However, by the time Castillo looked up and saw Camou's car stopped, Castillo testified she briefly applied her brakes and slowed down some, but she was "a little too late" and collided with the back of Camou's car. The collision's force caused Camou's car to hit the car in front of Camou with both cars sustaining significant property damage. Castillo's speed at the time she hit Camou was estimated around thirty-two to thirty-five miles per hour.

### ANALYSIS

On appeal, Castillo argues she presented evidence contesting liability and therefore contends the trial court erred in granting Camou's directed verdict. However, based on our review of the record, there is no evidence suggesting Castillo exercised ordinary care to raise a fact issue. *See Douglas*, 599 S.W.3d at 109; *see also Parker*, 249 S.W.3d at 398. More specifically, the evidence does not demonstrate Castillo's actions or omissions were those of a person of ordinary prudence given the circumstances inside her car when the airbag lights illuminated.

To begin, Castillo affirmed Camou did nothing wrong and admitted "one-hundred percent of the fault." Castillo further affirmed that she failed to act as a reasonably prudent driver and that if she had exercised ordinary care, the accident would not have occurred. Moreover, although Castillo claimed she saw Camou's car, Castillo explained she was distracted by the airbag lights and looked down more at the lights than at the roadway and traffic ahead. Castillo never suggested she took action consistent with ordinary care, such as slowing down or maintaining a safe distance between her vehicle and Camou's vehicle when she feared the airbags would deploy. Rather, while Castillo testified she applied her brakes when she saw Camou's car, albeit too late to avoid the collision, Castillo estimated her driving speed before hitting Camou was around the same speed she was driving at the time of impact: both exceeding the speed limit. Castillo provided no further

details regarding her approximate distance behind Camou when she braked, or any other corrective or evasive actions taken demonstrating the exercise of some ordinary care.

After reviewing the entire record, we find no evidence that raises a fact question as to whether Castillo's actions or omissions were consistent with what a person of ordinary prudence would have done or not done in the same or similar circumstances. *See Salazar v. Sanders*, 440 S.W.3d 863, 869-70 (Tex. App.—El Paso 2013, pet. denied). Thus, the conclusive evidence of Castillo's actions contrary to that of an ordinarily prudent person in the same or similar circumstances fails to meet the "more than a scintilla" threshold necessary to create a fact question. *See id.* (citing *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011)). Because the evidence fails to create a fact issue on Castillo's duty, breach of that duty, or proximate cause, we conclude the trial court did not err by granting Camou's directed verdict on liability. *See Prudential Ins. Co. of Am*, 29 S.W.3d at 77; *see also City of Keller*, 168 S.W.3d at 822, 827.

Accordingly, we overrule Castillo's sole issue on appeal.

## CONCLUSION

Having overruled Castillo's sole issue on appeal, we affirm the trial court's final judgment.

Irene Rios, Justice